In the Matter of the Claim of LILLIAN VLECK, Respondent, against SAMUEL PARRY and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 13, 1935.

*Ireland, Cohen & Hendrickson* [*F. A. W. Ireland* of counsel] for the appellants.

*Judson B. Glen,* for the claimant, respondent.

*John J. Bennett, Jr., Attorney-General, Joseph A. McLaughlin, Assistant Attorney-General,* in charge [*Roy Wiedersum, Assistant Attorney-General,* of counsel], for the State Industrial Board.

HILL, P. J. Frank Vleck was injured on November 2, 1923. The injury caused a left inguinal hernia. It was reduced, but there was a recurrence which necessitated an operation on June 21, 1924. Compensation was paid him from June 20 to August 18, 1924. Thereafter there was an occasional recurrence of the hernia, but no further compensation was paid. He died on April 28, 1933, from peritonitis resulting from a strangulation of the hernia. An award for death benefits was made against the employer and carrier on April 13, 1934. They appeal, urging as the only error that the award should be paid from the State special fund mentioned in section 25-a of the Workmen's Compensation Law.

This section was first enacted by the Legislature of 1933 (Chap. 384). As thus enacted it applied only to compensation made to an employee and not to death benefits to the dependents of a deceased employee. By chapter 694 of the Laws of 1934, it was amended to include death benefits. This amendment became a law on May 21, 1934. The section now provides, and since that date, so far as this award is concerned, has provided: " Notwithstanding other provisions of this chapter, when an application * * * is made * * * for death benefits in behalf of the dependents of a deceased employee, and the employer has secured the payment of compensation in accordance with section fifty of this chapter, (1) after a lapse of seven years from the date of the injury or death and claim for compensation previously has been disallowed or claim has been otherwise disposed of without an award of compensation, or (2) after a lapse of seven years from the date of the injury or death and also a lapse of three years from the date of the last payment of compensation, or (3) where death

resulting from the injury shall occur after the time limited by the foregoing provisions of (1) or (2) shall have elapsed, testimony may be taken, either directly or through a referee and if an award is made it shall be against the special fund provided by this section. * * * The provisions of this section shall not apply to any open case pending before the Industrial Board on April twenty-fourth, nineteen hundred thirty-three, or to any closed case in which an application for reopening was received prior to such date, or to awards for deficiency compensation made pursuant to section twenty-nine of this chapter nor shall it apply during the pendency of an appeal provided for by section twenty-three of this chapter; provided, however, that such provision shall be retroactive in effect except as to payments into the special fund provided for an employer or his insurance carrier."

Death occurred in this case more than seven years after the date of the injury, and there was a lapse of much more than three years after the last payment of compensation. Therefore, the section, if it be retroactive, applies to this award. By its terms the section is retroactive as to all cases except " any open case pending before the Industrial Board on April twenty-fourth, nineteen hundred thirty-three," and closed cases where application for reopening was received prior to that date. This case does not fall within either class, and the section is retroactive as to it. However, payments are not to be made from this fund " during the pendency of an appeal."

The award should be reversed and the matter remitted for the making of an award payable from the special fund. The award should be paid by the carrier during the pendency of this appeal.

CRAPSER, BLISS and HEFFERNAN, JJ., concur; RHODES, J., dissents from that part of the opinion and decision which directs the carrier to pay compensation during the pendency of the appeal.

Award reversed, with costs against the State Industrial Board, and matter remitted for an award in accordance with opinion.