In the Matter of the Claim of LILLIAN VLECK, Respondent, against SAMUEL PARRY et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

(Argued March 4, 1936; decided April 14, 1936.)

*F. A. W. Ireland* for appellant. The direction of payment of compensation by the carrier during pendency of the appeal is erroneous. (*Matter of Ryan* v. *American Bridge Co.*, 243 App. Div. 498.)

*John J. Bennett, Jr., Attorney-General* (*Roy Wiedersum* of counsel), for State Industrial Board, respondent.

HUBBS, J. The deceased employee sustained a hernia on November 2, 1923. On April 24, 1933, section 25-a of the Workmen's Compensation Law (Cons. Laws, ch. 67) was enacted, providing for a special fund from which payments are to be made in proceedings involving a claim made over seven years from the date of injury or death where there was no previous award, or seven years from the date of injury or death and also after the lapse of three years from the last payment of compensation, or in case of a lump sum payment, three years from the

date to which the payment would extend. It was also provided that where death resulted after such lapse of time, awards therefor should be against the special fund. The section further provided: " The provisions of this section shall not apply  *  *  *  during the pendency of an appeal  *  *  *  provided, however, that such provisions shall be retroactive in effect except as to payments into the special fund."

Four days after the section went into effect the injured employee died. The Industrial Board made an award to the widow against the employer and carrier. The Appellate Division reversed and directed an award against the special fund and also directed " the carrier to pay compensation during the pendency of the appeal."

From so much of the order as directed the carrier to pay compensation during the pendency of the appeal, one justice dissented, and the employer and carrier appealed. In its opinion the Appellate Division said: " By its terms the section is retroactive as to all cases *  *  *. However, payments are not to be made from this fund ' during the pendency of an appeal.' " (245 App. Div. 418.)

The respondent contends that since the case must be returned to the calendar " for the making of an award payable from the special fund," the order of the Appellate Division is not final and the appeal untimely. It is obvious that no question of fact remains to be determined and no discretion remains to be exercised by the Industrial Board. Its duty under the order of the Appellate Division is purely ministerial. Therefore, the order is final and an appeal lies.

The appellants contend that the direction of payment of compensation by the carrier during pendency of the appeal is erroneous in that the unsuccessful employer or carrier in a proceeding before the Industrial Board is penalized irrespective of the ultimate outcome of an appeal. The purpose of the fund is to relieve in part

the burden upon the employer or carrier resulting from stale claims, that is, claims where there has been a recurrence of a malady after a lapse of years. The purpose of the Legislature in providing that payments are not to be made from the fund during pendency of an appeal was to prevent inroads upon the special fund until final determination of the proceeding. There is no irreconcilable conflict between the provision against payments from the fund during pendency of an appeal and the portion of the section making its provisions retroactive. If it is ultimately determined that an award should be against the special fund, the award should not be different in amount by reason of the appeal. Where, pending an appeal, an employer or carrier has paid, reimbursement may be provided without offending against the provision against payment out of the fund during pendency of an appeal and in so doing the portion of the act making its provisions retroactive is given effect. While the act is not to apply " during the pendency of an appeal " it may become applicable for the period covered by the appeal under the clause making its provisions retroactive. To hold otherwise is to create inequality in liability of carriers and employers, depending not upon the date of injury or death of the injured employee, but upon a variable factor, the time during which an appeal may be before the courts. The only fair interpretation of the legislative intent is to so construe the act as to prevent inroads upon the fund pending final determination of an appeal, but in the event of an award against the fund as the result of an appeal to make the award commence when it would have commenced but for the erroneous award against the employer or carrier. That portion of the fund necessary to reimburse the employer or carrier for payments made during the pendency of the appeal to be so applied, and subsequent payments to be made to the successful claimant.

Since here it does not appear that the carrier or employer has paid, it is sufficient to modify the order

of the Appellate Division by striking out the provision directing the carrier to pay compensation during the pendency of the appeal, and as so modified to affirm.

The order of the Appellate Division should be modified in accordance with this opinion and as so modified affirmed, with one bill of costs to appellants in this court against the State Industrial Board.

CRANE, Ch. J., LEHMAN, O'BRIEN, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Ordered accordingly.