In the Matter of the Claim of JAMES E. MCDONNELL, Claimant, against THE CITY OF NEW YORK, Employer and Self-Insurer, Appellant, and STATE INDUSTRIAL BOARD and COMMISSIONER OF TAXATION AND FINANCE OF THE STATE OF NEW YORK, Respondents.

Third Department, March 23, 1938.

*Paul Windels, Corporation Counsel [James Hall Prothero, Paxton Blair* and *Samuel A. Bloom* of counsel], for the appellant.

*John J. Bennett, Jr., Attorney-General [Leon Freedman, Assistant Attorney-General,* of counsel], for the respondents.

CRAPSER, J.   This is an appeal by the self-insured employer from an award and decision of the State Industrial Board denying the application of the city of New York for an order directing the Commissioner of Taxation and Finance to make reimbursement of the amount of compensation paid under an award which the Board later rescinded when it was found to have been based upon a mistake of fact.

While the erroneous award was in force the city of New York paid $1,519.63 to the claimant.   It is this amount which the city now seeks to recoup from the Special Fund out of which the claimant should have been paid.

James E. McDonnell, employed as a laborer by the city of New York, received an eye injury on October 1, 1925, which resulted in the complete loss of the use of his right eye.   An award was made for the loss of use of the right eye and was paid by the city which was the employer and self-insurer.

On April 18, 1934, McDonnell filed another claim for compensation for injury to his left eye which occurred in an accident while working for the city of New York in December, 1933.   After hearings a decision was made that McDonnell had lost the vision of his left eye as the result of an injury sustained in December, 1933, and a schedule award was made for such disability with directions that payments begin as of December 5, 1933.   Pursuant thereto the city paid claimant $1,519.63.

On September 25, 1935, the State Industrial Board again placed the case on its calendar to hear the city's contention that the claimant had been industrially blind in his left eye prior to the injury to the right eye on October 1, 1925.

Several hearings were had, medical evidence was introduced, and the State Industrial Board found that the claimant was industrially blind before October 1, 1925, and thereupon rescinded its award of compensation dated September 12, 1935.

During the period when this erroneous award of September 12, 1935, was in effect, payments by the city represented compensation payable from December 5, 1933, when it had been claimed the left eye was injured, up to October 14, 1935.

The order of the Board rescinding the award of September 12, 1935, and ordering payment to the claimant out of the Special Fund pursuant to subdivision 8 of section 15 of the Workmen's Compensa-

tion Law was for permanent total disability and covering the period from April 1, 1934, when claimant ceased working, to December 30, 1935, and provided further that " payments are to continue at the rate of $19.23 per week during the continuance of said permanent total disability."

The city has asked for reimbursement of the total sum paid under the erroneous award and the State Industrial Board has rendered a majority opinion denying the city's application therefor in the following language: " The employer's motion that reimbursement be ordered by the State Industrial Board is denied on the ground that the Board is without jurisdiction to direct payment to the employer herein by the Commissioner of Taxation and Finance out of the Special Fund provided by Section 15, subdivision 8, of the Workmen's Compensation Law of a sum equal to that paid by the City of New York directly to the claimant on an award subsequently rescinded."

The sole question for decision is whether the State Industrial Board should now direct payment to the city by the Commissioner of Taxation and Finance who is the custodian of the Special Fund, of an amount to reimburse the municipality for the moneys erroneously paid to claimant under the mistaken award of September 12, 1935.

The facts in this case show that the claimant was entitled to a permanent total disability award payable solely out of the Special Fund. The award against the appellant under which it paid its money was in error due to a misapprehension of the facts in the case. The city paid the compensation that it did under an erroneous award only because it had been ordered to do so. Under the law it was bound to act promptly and was subject to a penalty if it failed to do so. The payment was not voluntary but was made because the law required it and to avoid penalties. (*Matter of Brophy* v. *Prudential Ins. Co.*, 241 App. Div. 306.)

Jurisdiction to consider equitable defenses and petitions for equitable relief in regard to compensation matters is possessed by the State Industrial Board and when the facts warrant should be exercised freely by it. (*Royal Indemnity Co.* v. *Heller*, 256 N. Y. 322, 326, 327; *Matter of Jaabeck* v. *Crane's Sons Co.*, 238 id. 314, 317; *Barone* v. *Ætna Life Ins. Co.*, 260 id. 410, 414.)

As it appears from the award from the Special Fund made to the claimant for a permanent total disability, a credit was taken for the amount paid by the employer and self-insurer to October 14, 1935, up to which date the city had paid compensation on the basis of the erroneous decision of September 12, 1935. If the money paid by the city to the claimant, credit for which was taken by the Board,

in making the award out of the Special Fund is not to be returned to the party who made it under a mistake of fact then the Special Fund will be unduly enriched by that amount.

*Matter of Vleck* v. *Parry* (270 N. Y. 371) holds: " The purpose of the special fund provided for in section 25-a of the Workmen's Compensation Law * * * is to relieve in part the burden upon the employer or insurance carrier resulting from claims where there has been a recurrence, after a lapse of years, of a malady resulting from injury received by a workman in the course of employment. The purpose of the provision that payments are not to be made from the fund during the pendency of an appeal is to prevent inroads upon the special fund until final determination of the proceeding. If, however, it is ultimately determined that an award should be against the special fund, it should not be different in amount by reason of the appeal. Payment should be made from the fund from the time it would have commenced but for the erroneous award."

The above case also holds that " That portion of the fund necessary to reimburse the employer or carrier for payments made during the pendency of the appeal to be so applied, and the subsequent payments to be made to the successful claimant."

An examination of the record in the case of *Converso* v. *Union Bag & Paper Co.* (220 App. Div. 788 [3d Dept. 1927]) shows that a carrier had paid an award of $100 to the State Treasurer in 1918 in accordance with subdivision 7 (now subdivision 8) of section 15 of the Workmen's Compensation Law. Ten years later the Appellate Division rescinded that award and at the same time directed the State Treasurer to pay the $100 to the carrier. There was no appeal from this decision.

There is no question about the power and duty of the State Industrial Board to make the repayment to the city and every equitable consideration and principle requires that it should be done. The decision of the State Industrial Board denying the employer's motion for reimbursement is reversed and the matter is remitted to the State Industrial Board for a decision and for the purpose of directing payment to the employer by the Commissioner of Taxation and Finance out of the Special Fund provided by section 15, subdivision 8, of the Workmen's Compensation Law of the sum equal to that paid by the city of New York directly to the claimant on the award which was subsequently rescinded, said payment to be without interest but with costs to the city against the State Industrial Board.

HILL, P. J., RHODES, MCNAMEE and BLISS, JJ., concur.

Decision reversed and matter remitted for a decision in accordance with opinion, with costs against the State Industrial Board.