In the Matter of the Claim of KATHERINE JANKOWSKI, Respondent, against AMERICAN MAGNESIUM CORPORATION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by a self-insured employer from a decision of the Workmen's Compensation Board which directed appellant to pay death benefits to the widow of a deceased employee to the extent of 104 weeks (after which reimbursement was directed from the Special Disability Fund), and the sum of $400 funeral expenses. Decedent was first disabled as a result of silicosis on March 15, 1946. At that time article 4-A of the Workmen's Compensation Law was in effect fixing a ceiling of $6,500 for disability or death in silicosis cases. An award was made for disability in that amount, and prior to decedent's death appellant had paid $5,975 for disability. It is the contention of appellant that it is liable for only $525 more, plus $200 funeral expenses, in accordance with the ceiling in existence at the time of disablement. Article 4-A was repealed by chapter 431 of the Laws of 1947, effective July 1, 1947, and in its stead new enactments were passed removing the limitations for disability or death in silicosis cases, and providing, in part: "that in the event of death due to silicosis or other dust disease on or after July first, nineteen hundred forty-seven, of such an employee who shall have been totally disabled from silicosis or other dust disease prior to such date, the employer or his insurance carrier shall be

reimbursed from the special disability fund created by this subdivision for death benefits subsequent to those payable for the first one hundred four weeks." Decedent died on October 24, 1950, after the effective date of the new law. We think the legislative intent is clear that the date of death is controlling in death claims, and that such claims should be determined in accordance with the law in effect at the date of death. The so-called savings clause in the new legislation, freezing the rights of parties which had accrued under the old article 4-A, affects only the disability benefits which had accrued. No rights had accrued on the death claim until the death occurred. (Cf. *Matter of Kunst* v. *General Bronze Corp.*, 264 App. Div. 494, affd. 289 N. Y. 661.) Decision unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.