In the Matter of the Claim of MARY BURCIA, Respondent, against ST. JOSEPH LEAD COMPANY, Appellant, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by self-insured employer from a decision and award of the Workmen's Compensa-

tion Board holding the employer liable for the death of the decedent resulting from silicosis and refusing to impose liability upon the Special Fund for Reopened Cases. The decedent became totally disabled by silicosis on December 18, 1943. An award of $25 per week was paid by the employer until October, 1947, when the $5,000 limit, under the law then prevailing, was reached. The decedent died November 14, 1947. Nearly four years later, on October 17, 1951, a death claim was filed under the amended statute, which became effective July 1, 1947, and which applied to all cases of death from silicosis occurring thereafter, even though the disability had occurred prior to that date (L. 1947, ch. 431, amdg. Workmen's Compensation Law, § 3, subd. 2, and other related sections). The amended statute provided (§ 15, subd. 8, par. [ee]) that the employer in such cases would be reimbursed from the Special Disability Fund for death benefits subsequent to those payable for the first 104 weeks. The decision in this case provided for reimbursement in accordance with the statute. The first point raised by the employer is that more than seven years had elapsed after the disability of the decedent and that therefore the Special Fund for Reopened Cases should be charged with the liability. This contention was properly rejected by the board. The seven-year period under section 25-a of the Workmen's Compensation Law, as applied to a death case, is to be measured from the date of the death and not from the date of the disability. The second point raised by the employer is that the claim was barred because of the failure of the widow to file the claim within two years after the death as required by section 28 of the Workmen's Compensation Law. The board found, in answer to this contention, that there had been " an advance payment" of compensation within the meaning of section 28, by the payment of a part of the funeral bill by the employer on December 1, 1947, and that therefore the two-year filing period could not be raised by the employer. The employer countered with the explanation that the payment of the funeral bill was required by section 66 of the Workmen's Compensation Law — which was in effect at the time of the occurrence of the total disability. However, this section was repealed when the new silicosis statute was adopted, effective July 1, 1947, and liability for the funeral bill could not be based upon the former statute. The saving clause in the new statute (L. 1947, ch. 431, § 14) saved any rights which had accrued under the former statute but this affected " only the disability benefits which had accrued. No rights had accrued on the death claim until the death occurred." (*Matter of Jankowski* v. *American Magnesium Corp.*, 283 App. Div. 840, 841.) The employer's liability rested wholly upon the new statute and the liability for the funeral bill was part of the death benefits payable under that statute. The payment of the funeral bill was therefore a recognition of the widow's claim under the new statute; this rendered the two-year filing period inapplicable. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ. [See 284 App. Div. 858.]