In the Matter of the Claim of MAX KRAUS, Respondent, against MARCUS DECORATING Co. et al., Appellants, and UTICA MUTUAL INSURANCE COMPANY, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant is a painter. For a long period he worked for the same employer. He suffered Dupuytrens contracture, which has been found to be an occupational disease. Two dates of disablement were found by the board, one on June 12, 1947, when respondent Utica Mutual Insurance Company was on the risk for the employer, and one on February 26, 1949, when appellant Hartford Accident and Indemnity Company was on the risk for the same employer. The employment of claimant for the same employer had been continuous between those dates. The board charged the results of the 1947 disablement, to the extent it was apportioned by the board, to the Utica company and the 1949 disablement to the Hartford company. Both companies accepted this award without appeal. In September, 1950, claimant left this employer and went to work for other painters. In 1952 he applied to reopen his case because of increased disability due to the occupational disease. The award was increased and charged solely against Hartford on the ground the acceleration of the disease was due to exposure while Hartford was on the risk between 1948 and 1950. No part of the accelerated results of the disease were found due to earlier exposure and hence no part of the increase was charged to Utica. This finding has evidence to support it and we see no legal ground to warrant our interference. After the award was made Hartford applied to the board for permission to bring in carriers covering claimant's employment after 1950. This was denied by the board as not timely. Even though we might reasonably assume the board would deal liberally with such an application in view of its determination to excuse Utica from liability on the increased award, it had the technical power to deny the application on the ground it was not timely and we find no error in its proceedings in this respect that we feel able to correct. It has, of course, continuing jurisdiction in this respect to entertain a further application. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ. [See *post*, p. 994.]