MARY C. WAIT, as Guardian ad Litem of JOHN F. WAIT, an Infant, Appellant, v. STATE OF NEW YORK, Respondent.— Motion to dismiss appeal granted, by default. Present — Foster, P. J., Coon, Halpern, Imrie and Zeller, JJ.

BERNARD GORDON, Appellant, v. JOHN P. SIEGEL, Respondent.— Motion to vacate the decision of this court made on October 1, 1954, denying a motion for reargument, granted, without costs. Motion reconsidered upon all papers filed to date and the motion for reargument is denied, with $10 costs. Present — Foster, P. J., Coon, Halpern, Imrie and Zeller, JJ. [See ante, pp. 821, 910.]

In the Matter of the Claim of MAX KRAUS, Respondent, against MARCUS DECORATING Co. et al., Appellants, and UTICA MUTUAL INSURANCE COMPANY, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Decision of this court, handed down October 20, 1954, modified by providing that costs be divided equally between the respondent, Utica Mutual Insurance Company, and the respondent, Workmen's Compensation Board. Present — Foster, P. J., Coon, Halpern, Imrie and Zeller, JJ. [See ante, p. 914.]

In the Matter of the Claim of ADAM DI SARRO, Respondent, against ABRAHAM STONE et al., Doing Business as STONE LIQUOR DISTRIBUTORS, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board allowing disability benefits to claimant. Claimant's final physical disability was caused by a ruptured intervertebral disc which required surgical treatment. His employment was that of an assistant sales manager, and' the board has found that long hours of driving his automobile, together with opening the trunk compartment of his car, aggravated a previously existing back condition and caused the rupture of an intervertebral disc. There is medical testimony to support such finding. This type of injury falls within the category of those injuries caused by routine strain or exertion, but which lead to a mechanical or structural change in the body, and is therefore compensable (1 Larson on Workmen's Compensation Law, § 38.20). Award and decision unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.