In the Matter of the Claim of ROBERT LUMSDEN, Respondent, against DESPATCH SHOPS, INC., et al., Appellants, and LIBERTY MUTUAL INSURANCE COMPANY, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, March 5, 1958.

*Franklin A. Goldwater* for appellants.

*Myer Braiman* for Liberty Mutual Insurance Company, respondent.

*William A. Specht* for claimant-respondent.

*Louis J. Lefkowitz, Attorney-General,* for Workmen's Compensation Board, respondent.

BERGAN, J. The controversy in this case lies between two insurance carriers as to responsibility for impairment of hearing found to be an occupational disease. From July, 1925 to April, 1954 claimant worked for the same employer at a steel mill in which railroad cars were made.

During a substantial part of this period, until May of 1946, he was riveter in a noise-laden environment. He then worked as a " fitter " in the same plant; and since he did that at lower wages than riveting and at the suggestion of a physician who had examined his hearing, it seems reasonable to think that from May, 1946 until the termination of employment in April, 1954 there was less noise intensity at that work than in riveting.

There is adequate proof, however, that the plant generally was noisy; that a " fitter " worked in a noisy environment, and there seems to be a factual foundation for the finding of the board that throughout claimant's employment, ending in April, 1954, he " had been employed by the employer in the same noisy environment ". The claimant's testimony was that in his work as a fitter it was " noisy yet ".

During the period claimant worked as a riveter the respondent carrier, Liberty Mutual, covered the risk and continued to do so for some time while claimant worked as a " fitter ". During the period of this coverage claimant filed a claim for compensa-

tion for impairment of hearing as an occupational disease due to noise. This claim was filed June 30, 1947.

The appellant Employers Mutual went on the coverage on January 1, 1948 and continued on it during the remaining six years of claimant's employment which terminated April 1, 1954. A further claim for compensation was filed March 24, 1953 based on further (as of March, 1953) impairment of hearing as an occupational disease.

In the first claim (filed in 1947) the board has discharged the carrier then on the risk (Liberty Mutual) on a finding that disablement did not occur until April 1, 1954, which is a finding that there was no disablement while Liberty Mutual covered the employer.

The board found the disablement to have occurred April 1, 1954 when appellant Employers Mutual was on the risk. Since the same employer relationship continued throughout the period of employment including the entire duration of exposure as well as the resulting disablement, there is no requirement that the board apportion the risk among different carriers. Apportionment is to be made when there are different employers (Workmen's Compensation Law, § 44; *Matter of Lane* v. *Daystrom Corp.,* 276 App. Div. 247). Nor does the 12-month Statute of Limitations between contraction of disablement apply in such a case (Workmen's Compensation Law, § 40).

The change from one branch of work to another for the same employer in the same plant, of the same general kind and in the same general environment of noise, does not necessarily render the " employment " different; and it was open to the board on this record to find that the claimant continued in the same employment with the same employer. Every change of tasks or movement of work from one phase of an industry to another is not necessarily or as a matter of law a change of employment; the " same employment " may be found to have continued.

If there is adequate proof that the disablement occurred in 1954 rather than in 1947, the award was properly made against the carrier on the risk on the later date, since it is the " disablement " and not the contraction of the disease which is the industrial accident (Workmen's Compensation Law, § 38; *Matter of Semon* v. *Flinn Corp.,* 4 A D 2d 908; *Matter of Lane* v. *Daystrom, supra*).

Since the kind of work done was changed in 1946 due to its effect on the claimant the board might have found some disability had then occurred; but in the light of the medical proof in the whole record, it was not required so to have found. This proof is that it is not feasible to ascertain medically the actual

extent of hearing damage due to exposure to noise while such exposure continues because there may be a temporary traumatic effect on hearing due to such continued exposure and that accurate measure is practical only after the patient has been removed from such exposure for six months and regenerative processes have had full opportunity to take place.

Although the ultimate loss of hearing found after claimant had left the employment for some months is not very different from the loss observed in 1947, the difference in weight and diagnostic value of the medical observations made during an actual period of exposure and those made a considerable time after exposure had ended as bearing on the total permanent effect on hearing are clearly demonstrated in the record and could be accepted by the board.

There is, moreover, medical opinion attributing the final permanent impairment found by the board to the exposure in the steel plant occurring after the appellant carrier was on the risk as well as before. This would justify charging the award to the carrier which covered the liability at the time of disablement since the entire exposure was in the same employment with the same employer.

That the claimant decided to quit work and take a railroad pension on April 1, 1954 does not defeat his right to compensation if there was adequate proof that he was disabled due to occupational disease at the same time.

There is no doubt left by the record that the disease was incurred in the employment; that it was progressive; that claimant by the filing of claims in 1947 and 1953 gave full notice of the effect of the work on his hearing; and that when he left the employment the progressive condition he suffered had reached the point at which it then disabled him.

The award should be affirmed, with costs to respondent Liberty Mutual Insurance Company

FOSTER, P. J., COON and GIBSON, JJ., concur.

Award affirmed, with costs to the respondent, Liberty Mutual Insurance Company.