■ In the Matter of the Claim of BETTE FURCHTSAM, Respondent, v. BINGHAMTON GENERAL HOSPITAL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— TAYLOR, J. The employer and its carrier appeal from a decision and award of the Workmen's Compensation Board for disability due to a staphylococcus infection of the middle ear which was found to be an occupational disease within the purview of section 3 (subd. 2, par. 29) of the Workmen's Compensation Law and to have been contracted by claimant's exposure in the course of her hospital employment as a general duty nurse. The failure of appellants to overcome the presumption contained in section 47 of the Workmen's Compensation Law was the predicate of the board's finding. There was proof that staphylococcus is the most common of all organisms, is universally present and contaminates persons in all walks of life. There was also proof by a specialist in ear diseases — which, of course, the board could

accept — that the close contacts of a hospital nurse inherent in caring for infected patients enhance the risk of contracting the disease. This special type of work exposure to which all nurses so engaged are subjected seems to us to meet the essential tests of occupational disease within the contemplation of the authorities (*Matter of Goldberg* v. *954 Marcy Corp.*, 276 N. Y. 313, 318–319; *Matter of Harman* v. *Republic Aviation Corp.*, 298 N. Y. 285, 288) and effectively to support rather than to abrogate the force of the presumption. It appears that the particular part of the hospital to which claimant was assigned housed afflicted patients whom she attended. The somewhat cautious expressions of causation employed by the medical experts as to a disease, the science of which is not entirely clear, together with the other evidence in the record were sufficient to support the award. (*Matter of Ernest* v. *Boggs Lake Estates*, 12 N Y 2d 414.) Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Reynolds, Aulisi and Hamm, JJ., concur.