In the Matter of GENEVIEVE RICCARDI, Respondent, v. DELLWOOD DAIRY COMPANY et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from an amended award and decision of the Workmen's Compensation Board, filed December 16, 1970, insofar as it discharged the respondent Special Fund for Reopened Cases (Workmen's Compensation Law, § 25-a) from liability for death benefits. The decedent suffered a compensable heart attack on February 18, 1959 and workmen's compensation benefits were last paid on November 30, 1961. The case was closed on a finding of permanent partial disability on July 24, 1963. The case was reopened in March of 1968 and the employee died on April 5, 1968 with a death claim being filed on May 2, 1968. An award was made for disability from September 1, 1966 to the date of death and the death was found to have been causally related to the 1959 accident with the claimant being entitled to death benefits. The Referee discharged the Special Fund from liability and upon review the board has found that the Special Fund is liable for the disability benefits, but that the Special Fund is not liable for the death benefits. The appellants contend that by virtue of section 25-a (subd. 1, par. [3]) of the Workmen's Compensation Law the Special Fund was liable for the death benefits. Said subdivision 1 provides for three distinct instances in which awards are to be made against the respondent Special Fund and such portion is as follows: "(1) after a lapse of seven years from the date of the injury or death and claim for compensation previously has been disallowed or claim has been otherwise disposed of without an award of compensation, or (2) after a lapse of seven years from the date of the injury or death and also a lapse of three years from the date of the last payment of compensation, or (3) where death resulting from the injury shall occur after the time limited by the foregoing provisions of (1) or (2) shall have elapsed, subject to the provisions of section one hundred and twenty-three of this chapter, testimony may be taken, either directly or through a referee and if an award is made it shall be against the special fund provided by this section." Condition (1) would be inapplicable as there had been a claim made and allowed within seven years from both the dates of the injury and death. Condition (2) is inapplicable because it has been construed to mean that the seven-year period specified therein is to be measured from the date of death and not from the date of injury. (See Matter of Burcia v. St. Joseph Lead Co., 283 App. Div. 1124, 1125; Matter of Dickerson v. Essex County, 2 A D 2d 516, 520.) However, this claim comes within the express provisions of condition (3) of the

said subdivision 1. (·See *Matter of Vleck* v. *Parry*, 245 App. Div. 416, 418, mod. 270 N. Y. 371.) The death in this case occurred more than seven years after the initial injury (1959–1968) and much more than three years after the last payment of compensation (1961–1968). The board erred as a matter of law in failing to apply the express provisions of section 25-a (subd. 1, par. [3]) of the Workmen's Compensation Law. (See *Matter of Dennett* v. *Dennett Refrigeration Equip.*, 38 A D 2d 659.) Decision reversed, and matter remitted for an award in accordance herewith, with costs against Special Fund for Reopened Cases. Herlihy, P. J., Greenblott, Cooke, Sweeney and Simons, JJ., concur.