■ In the Matter of the Claim of EDWARD M. SHULER, Respondent, v. CITY OF SYRACUSE, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workmen's Compensation Board which awarded claimant benefits. In early November, 1969 the claimant gave the city notice of his intention to retire December 1, 1969 from his job as a night garageman. Retirement was not mandatory but elected by him so that he could continue a private garage business he had operated in his home during the daytime hours since 1943 and be near his invalid wife. On November 19, 1969 he sustained a disabling accident while performing his city job. He retired December 1, 1969. Appellant paid compensation initially but then suspended payments urging that the claimant's reduced earnings resulted from his voluntary

retirement. If claimant's reduced earnings are caused solely by his age, the general economic conditions, or any other factor unconnected with his disability, he is not entitled to compensation. (*Matter of Stickley* v. *Alco Prods.*, 36 A D 2d 871; *Matter of Roberts* v. *General Elec. Co.*, 6 A D 2d 43.) On the conceded facts of this case, claimant had maintained a private garage for years and had intended to continue this after retiring from his night job with the city. He is entitled to compensation benefits because his physical inability to do so was causally connected to the injury of November 19, 1969 and did not occur for any disqualifying reasons. Appellant also questions the rate of compensation, but that issue was not passed upon by the board and may not be raised for the first time on appeal. (See Workmen's Compensation Law, § 23; 12 NYCRR 300, *et seq.*; *Matter of Redder* v. *Village of Clyde*, 21 A D 2d 917.) Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Greenblott, Sweeney, Simons and Kane, JJ., concur.