■ In the Matter of the Claim of JAMES MURGALO, Respondent, v NEW YORK DAILY NEWS et al., Appellants, and STATE INSURANCE FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed July 23, 1976. The controversy in this case lies between two insurance carriers as to liability for occupational loss of hearing. The facts are not in dispute. Claimant, a pressman for the *New York Daily News* until he retired on October 17, 1974, filed a claim for occupational loss of hearing on February 14, 1975. Respondent State Insurance Fund was the carrier insuring the *Daily News* until February 1, 1975 and the appellant Zurich Insurance Company went on the risk and became the carrier for the employer on that same date. An award was made to the claimant for a 45% binaural loss of hearing. The referee also established the date of disablement as April 17, 1975, and ruled that the liability for claimant's occupational loss of hearing is chargeable solely to the Zurich Insurance Company, the carrier on the date of disablement. The referee's decision was affirmed by the board. On this appeal the Zurich Insurance Company argues that since claimant was not working for the *Daily News* and was not exposed to any injurious noise during the period of its coverage, it should not be held liable for payment of the award. We do not agree. The Zurich Insurance Company became the employer's carrier on February 1, 1975. Pursuant to the provisions of section 49-bb of article 3-A of the Workmen's Compensation Law the date of disablement was established as April 17, 1975, six months after claimant's separation from his employment; and since the date of disablement is considered the accident, the carrier then on the risk was responsible for the award. Where, as here, there is only one employer involved for the entire period at issue, the general rule is that the carrier on the risk on the date of disablement is

responsible for payment of the award. Under article 3-A the board has no discretion as to the date of disablement *(Matter of Di Matteo v Duche & Son,* 33 AD2d 1089; *Matter of Lumsden v Despatch Shops,* 5 AD2d 242). Decision affirmed, with costs to respondent State Insurance Fund. Koreman, P. J., Greenblott, Sweeney, Mahoney and Herlihy, JJ., concur.