■ In the Matter of the Claim of VIRGINIA A. NATHAN, Respondent, v PRESBYTERIAN HOSPITAL IN THE CITY OF NEW YORK et al., Appellants, and ARGONAUT INSURANCE COMPANY, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed February 4, 1977. Claimant, a 22-year-old nurse, worked in the surgical ward of the Presbyterian Hospital in the City of New York from June, 1973 to November, 1974. In the month of July, 1974, she was exposed for a period of about 12 days to a patient who was discovered to have active tuberculosis as a secondary problem. A tuberculin skin test performed on claimant on July 31, 1974 was positive, but X rays taken in September, 1974 were negative. She left her employment in November, 1974 and moved to

California where she did private duty nursing. In June, 1975, she applied for employment at another New York City hospital, and a pre-employment tuberculin test was positive and X rays showed right lung tuberculosis. The board found, based on the evidence in the record, "that by reason of claimant's exposure to a tuberculosis patient in July, 1974, in her work at Columbia Presbyterian Hospital, claimant contracted tuberculosis as an occupational disease", and "that Aetna Casualty and Surety Co., carrier on the risk on July 3, 1975, date of disablement, is liable." The respondent, Argonaut Insurance Company, was the carrier on the risk when claimant was exposed to tuberculosis in 1974. Appellants contend that the board erred, as a matter of law, in finding that the claimant sustained an occupational disease merely because she was exposed to tuberculosis and contracted the disease in the course of her employment, and the board further erred, as a matter of law, in finding the carrier on the risk on the date of disablement liable even though there was no hazardous exposure or employee-employer relationship during that carrier's coverage. In support of these contentions, appellants argue that the contraction of tuberculosis by the claimant constituted an accident and not an occupational disease, and that a carrier on the risk on the date of disablement is not responsible unless there has been an employee-employer relationship with some hazardous exposure during its period of coverage. There is substantial evidence in the record to support the board's determination that claimant contracted tuberculosis as a result of her exposure to a tubercular patient. Appellants' contention that the contraction of this disease was an accident was not raised at the hearing or in the application for review by the board and it may not be raised for the first time on appeal (*Matter of Shuler v City of Syracuse,* 40 AD2d 737). In any event, there is sufficient evidence in the record to establish that, despite whatever precautions may be taken to prevent exposure, the danger of exposure is ever present to all nurses. The work exposure to which all nurses are subjected is sufficient to meet the essential tests of occupational disease (*Matter of Furchtsam v Binghamton Gen. Hosp.,* 24 AD2d 786). The carrier on the risk on the date of disablement where occupational disease is found is responsible for payment of the award (*Matter of Murgalo v New York Daily News,* 57 AD2d 978). The decision of the board must, therefore, be affirmed. Decision affirmed, with costs to the respondents filing briefs against the appellants. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.