■ In the Matter of the Claim of SHEILA CAMMARATA, Respondent, v CALDWELL & COOK, INC., et al., Respondents, and AZOR DRYWALL COMPANY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [797 NYS2d 188]—

Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed May 13, 2003, which ruled, inter alia, that decedent sustained an occupational disease and that Merchants Mutual Insurance Company is the liable workers' compensation carrier.

Jack Cammarata (hereinafter decedent) worked as a drywall finisher for Azor Drywall Company from 1964 to 1967. Azor ceased operations in the 1970s and was dissolved in 1982. After decedent's 1996 death from mesothelioma, his wife filed an application for workers' compensation benefits claiming same was caused by his workplace exposure to asbestos. Following hearings, the Workers' Compensation Law Judge found, among other things, that Azor's workers' compensation carrier, Merchants Mutual Insurance Company, was the liable carrier and that decedent had died of an occupational disease causally related to his employment. The Workers' Compensation Board agreed with these findings. Azor and Merchants now appeal.

Initially, we find no error in the Board's determination that decedent's death was causally related to his occupational exposure to asbestos. The record reflects that decedent routinely handled drywall products which contained asbestos and that he was exposed to harmful dust generated by the preparation of finishing compounds. Although pathology reports failed to reveal asbestos fibers in decedent's lungs, the Board, in the absence of any contrary evidence, was entitled to rely upon the medical opinion of claimant's expert that decedent's mesothelioma was caused by his workplace exposure to asbestos (*see Matter of O'Malley v Consolidated Edison Co. of N.Y.*, 301 AD2d 814, 815 [2003]).

Moreover, we reject the contention of both Azor and Merchants that they are not liable for payment because decedent's disablement occurred when Azor was no longer in business. Where a claim arises from an occupational disease such as mesothelioma, liability for the payment of an award falls to "the employer who last employed the employee in the employment to the nature of which the disease was due and in which it was contracted" (Workers' Compensation Law § 44; *see Matter of Conway v CBI Servs.*, 1 AD3d 739, 742 [2003]). Since decedent's mesothelioma arose from his employment as a drywall finisher with Azor, the issue distills to which workers' compensation carrier was at risk during that time period.

Substantial evidence supports the Board's determination that Merchants is the liable carrier. The Board's investigation revealed employer cards showing that Merchants was Azor's carrier in 1965. In the absence of any evidence that Merchants canceled its coverage or refused to renew it, we find that the Board properly determined that Merchants' coverage was

deemed to continue through 1967.* We have reviewed the remaining contentions of Azor and Merchants and find that they are either academic or are lacking in merit.

Spain, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* Azor and Merchants argue that the compulsory scheme in Workers' Compensation Law § 54 (5), as it relates to notice of nonrenewal, did not exist until 1971 and that it cannot be applied retroactively. We reject this argument for two reasons. First, it is not properly before us as it was not raised in their application for Board review or before the Workers' Compensation Law Judge (*see Matter of Huang Sheng Ku v Dana Alexander, Inc.*, 12 AD3d 988, 989 [2004]). More importantly, we do not find the Board determination here at issue to be predicated upon such a retroactive application of the statute.