■ In the Matter of the Claim of ROBERT ESTRADA, Respondent, v PEEPELS MECHANICAL CORPORATION et al., Appellants. STATE INSURANCE FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [817 NYS2d 401]—

Kane, J. Appeal from a decision of the Workers' Compensation Board, filed December 20, 2004, which ruled that the State Insurance Fund was not a proper party and was not required to produce a report regarding apportionment between occupational disease and traumatic hearing loss.

Claimant, a construction worker, had his case established in May 2001 for occupational disease resulting in bilateral hearing loss. Necessary medical treatment was authorized but, given the fact that claimant had not removed himself from noise exposure, wage replacement benefits were not awarded. Claimant thereafter filed a request for further action, advising that he was no longer subject to the noise exposure and asserting a claim for permanent hearing loss. A hearing ensued, at which time a Workers' Compensation Law Judge (hereinafter WCLJ) resolved that claimant left the injurious noise exposure on May 9, 2003. Accordingly, pursuant to Workers' Compensation Law § 49-bb, the WCLJ determined the date of disablement to be August 9, 2003. The WCLJ also discharged and removed the State Insurance Fund (hereinafter Fund) from notice and directed that the proper workers' compensation carrier be identified and placed on notice. A further hearing was conducted for that purpose, during which the WCLJ placed the Fund back

on notice and instructed it to produce a clarifying report regarding apportionment between occupational disease and traumatic hearing loss. The Fund subsequently sought review of the WCLJ's decision on the grounds that it was improperly put back on notice and, further, a claim for traumatic hearing loss had never even been made and therefore was not pending. The Workers' Compensation Board found that the Fund was not a proper party to the matter as it did not cover the employer on claimant's date of disablement and, as such, modified the WCLJ's decision by reversing that portion which directed the Fund to produce the apportionment report. The employer and its workers' compensation carrier now appeal.

We affirm. It is not disputed that claimant's date of disablement was August 9, 2003, nor is it controverted that, on that date, the Fund was not the workers' compensation carrier for the employer. A review of the record reveals that the issue of traumatic hearing loss was never pending before the Board. Rather, claimant's case was established only for the occupational disease of bilateral hearing loss, and claimant never appealed that determination or otherwise submitted a claim for traumatic hearing loss. In light of the foregoing, we find that substantial evidence supports the Board's decision and, thus, we will not interfere with it (*see Matter of Lesch v Wile,* 289 AD2d 740 [2001]).

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.