■ In the Matter of the Claim of JANE M. ANDRES, Respondent, v OCCIDENTAL CHEMICAL et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [841 NYS2d 729]—

Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed June 29, 2006, which determined that Workers' Compensation Law § 25-a is inapplicable.

In 1994, decedent filed two workers' compensation disability claims due to asbestos exposure—one for pulmonary illness and one for colon cancer—which were both closed in February 1995 for lack of prima facie medical evidence. Decedent died in March 2005 and claimant filed the instant claim for death benefits in November 2005. The employer controverted the claim and argued that, if an award is made, the Special Funds Conservation Committee should be responsible under Workers' Compensation Law § 25-a. Ultimately, the Workers' Compensation Board determined that because no date of disablement could be established based on the record as developed, the employer had not demonstrated that the requisite passage of time had occurred to shift potential liability to the Special Funds. The employer appeals.

"The passage of time is the sole criterion in determining whether Workers' Compensation Law § 25-a is applicable" (*Matter of Andrus v Purolator Prods.*, 301 AD2d 762, 763 [2003] [citations omitted]). Moreover, when the claim is for death benefits, "[t]he seven-year period under [Workers' Compensation Law § 25-a (1) (1) and (2)] is to be measured from the date of the death and not from the date of the disability" (*Matter of Burcia v St. Joseph Lead Co.*, 283 App Div 1124, 1125 [1954]; *see Matter of Dickerson v Essex County*, 2 AD2d 516, 520 [1956]). Here, because the instant claim for death benefits was made

within seven years of decedent's death, paragraphs (1) and (2) of Workers' Compensation Law § 25-a (1) are not applicable.

Liability will also shift to the Special Funds when a claim is based upon a death that occurred more than seven years after the date of injury (*see* Workers' Compensation Law § 25-a [1] [3]; *Matter of Riccardi v Dellwood Dairy Co.*, 38 AD2d 666, 666-667 [1971]). In occupational disease cases, the disablement of the employee as a result of the disease is treated as the occurrence of an accident for purposes of determining the date of injury (*see* Workers' Compensation Law § 38; *Matter of Bishop v St. Joe Minerals*, 151 AD2d 917, 918 [1989], *lv denied* 75 NY2d 709 [1990]). Here, no date of injury can be established on the record before us and, therefore, it is not possible to determine whether Workers' Compensation Law § 25-a (1) (3) applies to shift liability to the Special Funds. Consequently, we find no reason to disturb the Board's determination.

Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.