■ In the Matter of the Claim of PETER KAROLKOWSKI, Claimant, v WOLFF & MUNIER, INC., et al., Appellants, and EMPLOYERS INSURANCE COMPANY OF WAUSAU et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [846 NYS2d 405]—

Peters, J. Appeal from a decision of the Workers' Compensation Board, filed December 30, 2005, which ruled that claimant sustained two causally related occupational diseases.

Claimant, a sheet metal worker, was exposed to asbestos in the course of his employment with Wolff & Munier, Inc. Employers Insurance Company of Wausau was the employer's workers' compensation carrier from January 1988 until February 1994 and the State Insurance Fund (hereinafter the carrier) was the employer's carrier from April 14, 1994 until the employer ceased its business operations later that year. When claimant was diagnosed with colon cancer on July 21, 1992, he stopped working and never resumed employment. In March 1994, he filed a claim for workers' compensation benefits, listing both asbestos related colon cancer and asbestosis as his injuries. On June 13, 1995, claimant was evaluated by Susan Daum, an internist, who diagnosed him with pleural asbestosis and, for the first time, informed him that his exposure to asbestos was a contributing factor in the development of his colon cancer.

After a hearing at which claimant and three physicians testified, the Workers' Compensation Law Judge (hereinafter WCLJ) determined that there was sufficient proof that claimant suffers from an occupational disease of "asbestos related pleural disease," but insufficient proof of asbestos related colon cancer. After a review of that decision by the Workers' Compensation Board, the WCLJ decision was modified to find sufficient evidence of asbestos related colon cancer. The Board set a date of disablement for each of the two conditions: July 21, 1992 for colon cancer and June 13, 1995 for asbestos related pleural disease.

Contending that the Board erred, as a matter of law, in setting two dates of disablement since both diseases arose out of the same exposure to asbestos, the carrier notes claimant's filing of only one C-3 claim form and the fact that the colon cancer is the only disabling disease. Yet, this Court has noted, and the carrier acknowledges, that "there is no provision in the Workers' Compensation Law which specifically requires the filing of separate claims for discrete occupational diseases" (*Matter of Fama v P & M Sorbara*, 29 AD3d 170, 173 [2006], *lv*

*dismissed* 7 NY3d 783 [2006]).[1] We find no legal authority to support the carrier's position and no evidence that either of these dates is erroneous, when viewed individually upon the consideration of appropriate factors (*see* Workers' Compensation Law § 42; *Matter of Hastings v Fairport Cent. School Dist.*, 274 AD2d 660, 661-662 [2000], *lv dismissed* 95 NY2d 926 [2000]; *Matter of Bonneau v New York City Dept. of Sanitation*, 233 AD2d 796, 797 [1996]).

As to the carrier's contention that claimant's failure to file a second claim resulted in its potential loss of defenses, we find such claim both speculative and premature. The WCLJ indicated, in a 2002 notice of decision, that "[a]ll carriers raise C-7 issues" (*see* Workers' Compensation Law § 25 [2]). With no award of benefits yet made and the WCLJ noting that "the issue of the proper carrier ha[s] not been sufficiently addressed and argued," the carrier's claim is premature. Moreover, with no evidence that the carrier ever attempted to seek "second injury fund" relief pursuant to Workers' Compensation Law § 15 (8) (d), or even raised that issue before the WCLJ or the Board, this contention must also be rejected.[2] Finally, finding that the carrier's reliance on *Matter of Estrada v Peepels Mech. Corp.* (30 AD3d 659, 660 [2006]) is misplaced since, in that case, there was never a claim pending with respect to one of claimant's conditions, we affirm.

Mercure, J.P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.

---

1. We have previously referenced the Board's setting of two dates of disablement with respect to one claim without comment as the specific issue was not raised (*see Matter of Kraus v Marcus Decorating Co.*, 284 App Div 914 [1954], *mod* 284 App Div 994 [1954]).

2. It appears that such request would be untimely (*see* Workers' Compensation Law § 15 [8] [f]).