■ In the Matter of the Claim of AVILDA FELICIANO, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [883 NYS2d 819]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed June 11, 2008, which, among other things, ruled that claimant's application for workers' compensation benefits for left carpal tunnel syndrome was time-barred by Workers' Compensation Law § 28.

In December 2003, claimant sought medical treatment for pain in her left hand from a physician who indicated to her that she was suffering from carpal tunnel syndrome caused by the duties she performed as a nursing assistant. She continued to work until February 2006 when she underwent surgery for that condition. After she began to feel similar pain in her right hand, surgery was performed on that hand on August 28, 2006. Approximately one month later, claimant submitted an application for workers' compensation benefits for bilateral hand injuries. Subsequently, in the course of a December 3, 2007 hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) stated that he considered claimant's application for the injury to her left hand to be time-barred pursuant to Workers' Compensation Law § 28. Thereafter, in a written decision, the WCLJ ruled that claimant suffered an occupational disease of carpal tunnel syndrome in her right hand and established August 28, 2006 as the date of disability.

---

On appeal to the Workers' Compensation Board, claimant argued, among other things, that the claim for her left hand should not be considered time-barred and August 28, 2006 should be found to be the date of disability for both hands. The Board, while declining to disturb the conclusion that August 28, 2006 was the proper date of disability for claimant's right hand, noted that the WCLJ had failed to establish a date of disability for claimant's left hand and, on its own motion, set December 2003 as the date of such disability. Consequently, the Board modified the WCLJ's decision to the extent of finding that the application for benefits with respect to claimant's left hand was untimely, prompting this appeal.

Initially, claimant asserts that the Board erred, as a matter of law, in establishing two dates of disability for a single claim. Notably, "the Board has great latitude in choosing the date of disablement and its findings in that regard will not be disturbed if supported by substantial evidence" (*Matter of Hastings v Fairport Cent. School Dist.*, 274 AD2d 660, 661 [2000], *lv dismissed* 95 NY2d 926 [2000]). Here, claimant testified that the pain in her left hand existed for approximately two years before she began to experience pain in her right hand. Thus, the Board's decision to consider the injuries to claimant's hands as discrete occupational diseases and establish separate dates of disablement for each* is supported by substantial evidence and we decline to disturb it (*see Matter of Karolkowski v Wolff & Munier, Inc.*, 45 AD3d 1069, 1070 [2007]; *Matter of Fama v P & M Sorbara*, 29 AD3d 170, 173 [2006], *lv dismissed* 7 NY3d 783 [2006]). Similarly, inasmuch as the record supports the finding that claimant's application for workers' compensation benefits regarding her left hand was filed more than two years after she had reason to know that the pain in that hand was due to the nature of her employment, we find no basis to disturb the Board's ruling that this part of her claim was time-barred (*see* Workers' Compensation Law § 28; *Matter of McNally v Newsday*, 40 AD3d 1323, 1324 [2007], *lv denied* 9 NY3d 809 [2007]).

Spain, Rose, Kane and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* We note that while claimant contends that the Board failed to adhere to precedent it set forth on this point in *Matter of New York State Dept. of Social Servs.* (2000 WL 33395667, 2000 NY Wrk Comp LEXIS 115179 [WCB No. 59423590, July 13, 2000]), the employer correctly notes that this case does not involve "essentially the same facts" as is set forth therein (*Matter of Teal v Albany Capitaland Enters.*, 259 AD2d 859, 860 [1999], *lv dismissed* 93 NY2d 1041 [1999]). Specifically, in *Matter of New York State Dept. of Social Servs.* (*supra*), the claim involved a bilateral carpal tunnel syndrome diagnosis where the injuries to the respective hands began at approximately the same time and, therefore, one date of disablement was appropriate.