■ In the Matter of the Claim of ADRZEJ MLODOZENIEC, Claimant, v TRIO ASBESTOS REMOVAL CORPORATION et al., Appellants, and ZURICH AMERICAN INSURANCE COMPANY, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [887 NYS2d 339]—

Kavanagh, J. Appeal from a decision of the Workers' Compensation Board, filed January 24, 2008, which, among other things, ruled that the State Insurance Fund was liable for the payment of workers' compensation benefits.

Claimant was employed until September 1995 as an asbestos handler performing asbestos removal work for Trio Asbestos Removal Corporation. At the time of claimant's employment, the State Insurance Fund (hereinafter SIF) provided workers' compensation insurance to Trio. In 1996, after claimant left Trio's employ, Trio replaced the SIF policy with one written by Zurich American Insurance Company, and that policy remained in effect until 1999. Claimant's health subsequently deteriorated and, in August 1999, he was diagnosed with an occupational condition. Claimant filed for workers' compensation benefits and a Workers' Compensation Law Judge found that claimant's pleural and hyperactive airway disease was caused by his asbestos related employment and that he was disabled as of August 24, 1999. Based on that finding, the Workers' Compensation Law Judge concluded that Zurich, Trio's insurer on that date, was responsible for the payment of this claim. The Board reversed this decision and found that because SIF was the insurer when claimant was last employed by Trio when he

was exposed to asbestos, it was liable for the payment of his workers' compensation claim.

The question to be decided on this appeal is which carrier is liable for the payment of claimant's workers' compensation benefits—the carrier who insured Trio on the date claimant became disabled (Zurich) or the carrier that insured Trio when claimant was last exposed to the asbestos that subsequently rendered him disabled (SIF). Relying upon its interpretation of this Court's holding in *Matter of Cammarata v Caldwell & Cook Inc.* (19 AD3d 884 [2005]), the Board concluded that SIF, the carrier that had a policy in place with Trio when claimant was last exposed to asbestos, was liable for the payment of this claim.

At the outset, we note that there is no question that Trio, as the last entity to employ claimant to perform asbestos removal work, is responsible for the payment of this claim. The Workers' Compensation Law provides that an employee may recover benefits from the entity that last employed him or her in the field that ultimately caused the disabling condition (*see* Workers' Compensation Law § 44). It also provides that "[t]he disablement of an employee resulting from an occupational disease . . . shall be treated as the happening of an accident within the meaning of this chapter" (Workers' Compensation Law § 38; *see Matter of Andres v Occidental Chem.*, 43 AD3d 1245, 1246 [2007]). Because Zurich is "[t]he carrier on the risk on the date of disablement where occupational disease is found [it, not SIF,] is responsible for payment of the award" (*Matter of Nathan v Presbyterian Hosp. in City of N.Y.*, 66 AD2d 933, 934 [1978], *lv denied* 46 NY2d 712 [1979]; *see Matter of Murgalo v New York Daily News*, 57 AD2d 978 [1977]; *see also Matter of Estrada v Peepels Mech. Corp.*, 30 AD3d 659, 659 [2006]).

The Board's reliance on *Matter of Cammarata v Caldwell & Cook Inc.* (19 AD3d at 885) to reach a different conclusion is misplaced. There, the claimant died as the result of mesothelioma, which was found to have been caused by his exposure to chemicals during his employment as a drywall finisher. However, on the date of his death, the entity that had last employed him as a drywall finisher had ceased doing business and had been dissolved. As a result, the Board concluded that the carrier liable for the payment of his death benefits was the carrier that insured his employer when decedent was last employed. This Court affirmed that finding because no policy was in place at the time of claimant's death and, as a result, the policy that was in effect at the time decedent was last employed was found to be responsible for the payment of this claim (*see* Workers' Compensation Law § 44). However, where a policy is in place on

the date of a claimant's disablement, that carrier is responsible for the payment of the claimant's workers' compensation award even though it was not in place at the time the claimant was last exposed to the condition that brought on his or her disablement (*see Matter of Nathan v Presbyterian Hosp. in City of N.Y.*, 66 AD2d at 934).

Moreover, we reject Zurich's claim that the matter should be remitted to the Board to determine whether SIF should be permitted to deny coverage. While the Board did not reach this issue because it found SIF to be the carrier responsible for the payment of this claim, we find that SIF did not delay in disclaiming coverage and, therefore, the principles of laches and estoppel do not apply (*see Matter of Manticoff v American Bldg. Maintenance*, 63 AD3d 1308 [2009]; *Matter of McGuinness v John P. Picone, Inc.*, 36 AD3d 1032, 1032 [2007]).

Cardona, P.J., Peters, Stein and McCarthy, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.