Matter of Pisarski v Accurate Plumbing & Heating Co. (2021 NY Slip Op 00606)





Matter of Pisarski v Accurate Plumbing & Heating Co.


2021 NY Slip Op 00606


Decided on February 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 4, 2021

530631

[*1]In the Matter of the Claim of Michael Pisarski, Claimant,
v
Accurate Plumbing and Heating Co. et al., Respondents, and Norguard Insurance Company, Appellant. Workers' Compensation Board, Respondent.

Calendar Date: January 13, 2021

Before: Egan Jr., J.P., Clark, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


LOIS LLC, New York City (Addison O'Donnell of counsel), for appellant.
Letitia James, Attorney General, New York City (Donya Fernandez of counsel), for Workers' Compensation Board, respondent.



Colangelo, J.
Appeal from a decision of the Workers' Compensation Board, filed June 12, 2019, which ruled that Norguard Insurance Company was the liable workers' compensation carrier.
Claimant retired on November 25, 2014 after being employed as a union plumber for 37 years. Thereafter, claimant established a workers' compensation claim for an occupational disease of bilateral knee and shoulder injuries, ultimately receiving schedule loss of use awards for those injuries. Initially, the date of disablement was set as November 25, 2014; however, upon review by the Workers' Compensation Board, the date of disablement was changed to July 12, 2016.
Norguard Insurance Company, which provided workers' compensation coverage to claimant's employer, Accurate Plumbing and Heating Co., disputed its liability on the claim, asserting that the workers' compensation policy was canceled effective June 23, 2016, prior to the date of disablement — which, as ruled by the Board, required further development of the record. As a result, the Uninsured Employers Fund was then placed on notice. An October 2018 investigation report prepared by the Board's Bureau of Compliance Enforcement Unit noted that no active workers' compensation coverage on June 12, 2016 was found for Accurate Plumbing and that a computer search indicated that Accurate Plumbing currently was out of business.
Following a hearing, a Worker's Compensation Law Judge (hereinafter WCLJ) discharged the Uninsured Employers Fund and, as is relevant to this appeal, found that, because there was no insurance policy in place on the date of disablement, coverage reverted back to the policy in effect at the time that claimant was last employed. As such, the WCLJ ruled that Norguard, which provided coverage for Accurate Plumbing from September 1, 2014 through September 1, 2015, was the liable carrier. The Board, relying on its interpretation of this Court's decision in Matter of Cammarata v Caldwell & Cook Inc. (19 AD3d 884 [2005]), affirmed the WCLJ's decision upon administrative appeal. Norguard appeals.
Norguard contends that Matter of Cammarata is distinguishable and that the Board erred in finding it to be the liable carrier for claimant's workers' compensation benefits. It is well settled that where, as here, an employee is disabled as a result of an occupational disease, the disease is treated as the happening of an accident for purposes of determining the date of injury (see Workers' Compensation Law § 28; Matter of Andres v Occidental Chem., 43 AD3d 1245, 1246 [2007]). The general rule is that "[t]he carrier on the risk on the date of disablement where occupational disease is found is responsible for payment of the award" (Matter of Nathan v Presbyterian Hosp. of City of N.Y., 66 AD2d 933, 934 [1978], lv denied 46 NY2d 712 [1979]; see Matter of Mlodozeniec v Trio Asbestos Removal Corp., 66 AD3d 1174, 1175 [2009]; Matter of Murgalo v New York Daily News, 57 AD2d 978, 978-979 [1977]).
In Matter of Cammarata[*2], the claimant filed a claim for workers' compensation benefits following the 1996 death of her husband, which claim was established for an occupational disease causally related to his workplace exposure to asbestos. On the date of the husband's death, however, no workers' compensation policy was in place because the entity that last employed him had ceased doing business and dissolved in 1982. Under those circumstances, where there is clearly no obligation to maintain workers' compensation insurance after an entity ceases doing business and is dissolved, this Court affirmed the finding that the policy in effect at the time that the husband was last employed was the carrier responsible for the payment of the claim (Matter of Cammarata v Caldwell & Cook Inc., 19 AD3d at 884-885). In Matter of Cammarata, the critical factor in reverting liability to the carrier that provided coverage during the exposure to asbestos that resulted in the death of the claimant's husband was that the entity that employed the husband had ceased doing business and had been dissolved prior to the date of death. Because the entity was no longer operational, there clearly was no requirement that a workers' compensation policy exist.
Here, there was no determination as to the business status of Accurate Plumbing on the date of disablement — and the record reflects inconsistent information with regard thereto — in order to determine whether Accurate Plumbing was required to have an existing workers' compensation policy on the date of disablement (see Workers' Compensation Law §§ 10, 50). As such, the matter must be remitted for a determination as to the business status of Accurate Plumbing on the date of disablement in order to determine whether it or the Uninsured Employers Fund is responsible for payment of the award (see Matter of Cammarata v Caldwell & Cook Inc., 19 AD3d at 885-886; compare Matter of Mlodozeniec v Trio Asbestos Removal Corp., 66 AD3d at 1175-1176; see also Matter of Passero v Uninsured Employers' Fund, 154 AD3d 1037, 1038 [2017]).
Egan Jr., J.P., Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.