In the Matter of the Claim of MARIA IANNONE, Appellant, against RADORY CONSTRUCTION CORPORATION et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, May 11, 1955.

*Samuel Miles Fink* and *Lloyd I. Isler* for appellant and Consul General of Italy at New York.

*George J. Hayes, Bernard Katzen, William Stieglitz* and *Victor Fiddler* for Radory Construction Corporation and another, respondents.

ZELLER, J. Antonio Iannone, a resident of the United States, sustained fatal injuries in an industrial accident. Death benefits were awarded to the decedent's widow, fifty-four years of age, and minor daughter both of whom are residents and nationals of Italy. Section 17 of the Workmen's Compensation Law provides, " Compensation under this chapter to aliens not residents * * * of the United States or Canada, shall be the same in amount as provided for residents * * * except that the board, may at its option, or upon the application of the insurance carrier, shall, commute as of the date of death all compensation to be paid to such aliens, by paying or causing to be paid to them one-half of the commuted amount of compensation as determined by the board." Pursuant to section 17, the awards were commuted to one half of the present value of all future payments. The sole issue on this appeal is whether such commutation was proper.

The claimant-appellant contends that the awards should not have been commuted to one half, regardless of section 17, because of a provision contained in the Treaty of Friendship, Commerce and Navigation existing between the United States of America and the Italian Republic. (63 U. S. Stat. 2255.) Section 1 of article XII of the treaty, which became effective July 26, 1949, reads: " The nationals of either High Contracting Party, regardless of alienage or place of residence, shall be accorded rights and privileges no less favorable than those accorded to the nationals of the other High Contracting Party, under laws and regulations within the territories of such other High Contracting Party that (a) * * * (b) grant to a wage earner or an individual receiving salary, commission or other remuneration, or to his relatives, heirs or dependents, as the case may be, a right of action, or a pecuniary compensation or other benefit or service, on account of occupational disease,

injury or death arising out of and in the course of employment or due to the nature of employment.''

The board does not contend that the quoted provision of the treaty is inapplicable, but rests its decision upon the ground that '' such commutation does not constitute treatment of a [non-resident alien] claimant less favorable but, indeed, quite possibly more favorable than that accorded nationals of the United States.'' In our opinion, the payment to these nonresident alien dependents of one half of the commuted amount of compensation does constitute less favorable treatment than accorded our own citizens.

The widow was awarded $15.75 per week from the date of decedent's death. The then present value of her award was calculated by the Workmen's Compensation Board to be $14,517.06. The weekly rate, the mortality and remarriage tables and other factors were used in determining this figure. If the widow had been a United States citizen, she would have been entitled to receive the weekly sum awarded during widowhood with two years' compensation in one sum upon remarriage (Workmen's Compensation Law, § 16) or, in the event of commutation, the full present value of the award (Workmen's Compensation Law, § 25). The weekly award to the decedent's minor daughter was $10.50 and the present value of her award was computed to be $2,555.02 as of the date of death. If she were a citizen of the United States, she would have been entitled to receive the weekly sum awarded until she reached eighteen years or, in the event of commutation, the full present value of the award. To award to these nonresident alien dependents only one half of the present value of such awards is obviously treatment different from and less favorable than that accorded nationals of the United States. The board's contention that the commuted awards may '' quite possibly '' constitute treatment '' more favorable than that accorded nationals of the United States '' rests upon the supposition that *perhaps* the widow or child may not live as long as the actuary tables indicate or that the widow may be the one of approximately five hundred widows of her age who will remarry. (See, Remarriage Tables, Dutch Royal Insurance Institution.) In attempting to anticipate the future of the widow and child, it seems to us better to be guided by accepted statistics than to resort to speculation. Such statistics indicate little likelihood of the occurrence of any of the. '' possibilities '' that the board must have considered.

The respondents argue that section 17 is not discriminatory because it applies not only to nonresident alien dependents of a

deceased alien-employee but also to nonresident alien dependents of a deceased citizen-employee. However, the rights of dependents to death benefits are created by law and not derived from any right conferred upon a deceased employee. (Workmen's Compensation Law, § 16; *Matter of O'Esau* v. *Bliss Co.*, 186 App. Div. 556, affd. 227 N. Y. 597.) The benefits accrue not to the deceased employee or his estate but directly to his dependents. The comparison to be made should be as to the treatment of nonresident Italian dependents and dependents who are United States nationals. When that is done, we find the treatment of nonresident Italian dependents less favorable and, therefore, in violation of the treaty.

The Constitution provides that a duly ratified treaty made by the United States " shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." (U. S. Const. art. VI.) In *Asakura* v. *Seattle* (265 U. S. 332, 341), Mr. Justice BUTLER said of the treaty-making power of the United States " though it does not extend ' so far as to authorize what the Constitution forbids,' it does extend to all proper subjects of negotiation between our government and other nations. *Geofroy* v. *Riggs*, 133 U. S. 258, 266, 267; *In re Ross*, 140 U. S. 453, 463; *Missouri* v. *Holland*, 252 U. S. 416." The provision of the treaty previously set forth contains subject matter proper for negotiation between sovereign governments and, as the treaty is self-executing, it operates without the need of any legislation. Hence, it must be applied and given authoritative effect by the courts of this State. Courts of other States in applying similar treaties containing similar provisions have required State policy to bow before the national policy evidenced by such treaties. (Larson on Workmen's Compensation Law, § 63.52; *Antosz* v. *State Compensation Comr.*, 130 W. Va. 260.)

In the circumstances of this case, section 17 of the Workmen's Compensation Law is inconsistent with the treaty and must give way to superior national policy. To comply with such policy, the Workmen's Compensation Board must award the funeral expenses to the person entitled thereto and the periodic compensation benefits to the widow and minor child as prescribed by subdivision 2 of section 16 of the Workmen's Compensation Law or, if the board deems it advisable to commute the periodic payments pursuant to section 25, it must cause to be paid the full present value of the awards in one or more lump sum payments as it would do for citizens.

The decision to commute the death benefit awards at one half the present value should be reversed, with costs to the appellant, and the matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith.

FOSTER, P. J., BERGAN, HALPERN and IMRIE, JJ., concur.

Award reversed, with costs to the appellant, and the matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent with the opinion.

Amended decision, May 18, 1955.

Award reversed, with costs to the appellant against the employer and its insurance carrier, and the matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent with the opinion. Opinion by ZELLER, J.*

FOSTER, P. J., BERGAN, HALPERN and IMRIE, JJ., concur.

---

* Also printed, *post,* p. 1208.