In the Matter of the Claim of JOSEPHINE VISELLI, Respondent, against ANTHONY MARTINO et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and insurance carrier from an award of death benefits to the widow of a deceased employee. The decedent had been employed as a cement mixer. According to the history which he gave to the hospital physician, the decedent had pushed a heavy mixing machine and felt a pain in his left side and stopped for one-half hour but then continued at work. Thereafter, he lifted 100-pound bags of cement against his left side and threw them into the mixer. He was ill for the next few days; finally his ailment was diagnosed as a ruptured spleen. An operation was performed for the removal of the spleen and he died of complications following the operation. Upon this appeal, the principal question raised is whether there was sufficient evidence to corroborate the decedent's declaration as to the occurrence of the accident, under section 118 of the Workmen's Compensation Law. We think that there was. The decedent's fellow employees testified as to the nature of his work and established that, on the day of the alleged accident, the decedent had lifted bags of cement, and had thrown them into the mixer. Furthermore, it was the testimony of all the physicians that a rupture of the spleen can be caused only by a direct trauma, and it was the testimony of the physician called by the claimant that the lifting of a 100-pound bag of cement against the decedent's left side was sufficient to cause such a rupture. This evidence afforded sufficient corroboration of the decedent's declarations. The award of death benefits should therefore be affirmed but we note that the award has been commuted to one half of the present value of future payments, pursuant to section 17 of the Workmen's Compensation Law, on the ground that the widow is a national of Italy and a resident of Italy. In view of our

decision in *Matter of Iannone* v. *Radory Constr. Corp.* (285 App. Div. 751), handed down today, the board may wish to reconsider the commutation of the award. Award vacated and the matter remitted to the board for further proceedings, with costs to the Workmen's Compensation Board. Foster, P. J., Bergan, Halpern, Imrie and Zeller, JJ., concur.