OPINION OF THE COURT
Chief Judge Kaye.
The New York workers’ compensation statute, like many across the country, provides for continuing jurisdiction over cases and authorizes the reopening of closed cases. In addition, New York’s statute includes a unique feature: a fund set up especially to administer and pay claims arising from the reopening of closed cases. Supported by assessments against employers and their carriers, the Special Fund for Reopened Cases balances the need for continuing jurisdiction in order to insure fairness to injured workers — for example, where injury first manifests itself long after a case has been closed — with the practical difficulties inherent in adjudicating matters that may be decades old (3 Larson, Workmen’s Compensation Law § 81.61, at 15-1194.169 [1995]).
*750 By this appeal, we are asked to determine whether a claim by a surviving spouse for death benefits traceable to a 1951 injury suffered by a workers’ compensation beneficiary is time-barred. We conclude, as did the Workers’ Compensation Board and the Appellate Division, that the claim is not barred and the Special Fund is liable.
The facts of this case began nearly 44 years ago, on August 8, 1951, when Gerald Angel was kicked in the head while participating in a game of donkey baseball as a fund-raising event for the Canisteo Volunteer Fire Department. Pursuant to the Volunteer Firemen’s Benefit Law, Angel received approximately 77 weeks of workers’ compensation payments totaling $2,490 for a temporary disability. The last payment was made in 1955, when the case was closed without a finding of permanent injury.
Angel died on November 11, 1986 following a stroke, and on October 28, 1987, his surviving spouse (and her estate after her death) brought a workers’ compensation claim for death benefits against the Fire Department. Her claim was supported by a medical report that the death was related to the 1951 accident. The Fire Department’s self-insurance plan controverted liability on the basis that the death was not causally related to the original injury, but that defense was rejected by an Administrative Law Judge (ALJ). The finding of causal relation was not appealed.
In a series of decisions following hearings, the ALJ found Workers’ Compensation Law § 123 (relating to the jurisdiction of the Board to reopen cases) and section 25-a (establishing the liability of the Special Fund) inapplicable, held the Fire Department’s carrier liable for the death claim and awarded a lump-sum payment. The Fire Department sought review by the Workers’ Compensation Board claiming that section 25-a was applicable and that the Special Fund was liable. The Board modified the ALJ’s order, finding that the claim fell within the provisions of section 25-a, transferred the previously established liability to the Special Fund and otherwise affirmed the decision that the claim was not time-barred under section 123. The Special Fund appealed naming the claimant, the Fire Department and the Workers’ Compensation Board as respondents. The Appellate Division affirmed, as do we.
On its appeal, the Special Fund argues that three provisions of the Workers’ Compensation Law bar the claim as untimely. *751 As the ensuing discussion shows, none of these arguments has merit.
The Time-Bar of Section 123
Section 123 provides the Workers’ Compensation Board with authority to reopen closed cases, subject to the time limitation that no awards shall be made against the Special Fund or against an employer where the application is made "after a lapse of eighteen years from the date of the injury or death and also a lapse of eight years from the date of the last payment of compensation” (Workers’ Compensation Law § 123; see, 3 Larson, Workmen’s Compensation Law § 81.10, at 15-1045 [1995] [discussing administrative burden in reopening cases]). This "eighteen- and eight”-year time limitation applies only to cases which have been closed and are being reopened, but would not bar a new claim or continuing consideration of an open case (see, e.g., Matter of Fletcher v Weil Chevrolet Corp., 135 AD2d 964, 965).
The first question we must answer, then, is whether a claim for benefits arising from a death causally related to a covered injury is a new claim or a reopening of the original case subject to the time limitations of section 123. Although we have not spoken specifically to the issue, it is generally accepted that a claim for death benefits — often, as here, involving the quite different question of whether the injury was causally related to the death — is a separate and distinct legal proceeding brought by the beneficiary’s dependents and is not equated with the beneficiary’s original disability claim (2 Larson, Workmen’s Compensation Law § 64.11, at 11-195 [1995]). This principle has been recognized since the early days of workers’ compensation law (see, e.g., 1934 Atty Gen [Inf Opns] 509, 510; see also, Matter of Keenholts v Bayer Co., 263 NY 77, 78 [implying legal distinction in granting claimant both death benefits and disability payments accrued to date of death]; Matter of Lutz v Huffman & Co., 231 NY 622; Matter of Iannone v Radory Constr. Corp., 285 App Div 751, 755 ["rights of dependents to death benefits are created by law and not derived from any right conferred upon a deceased employee”], affd 1 NY2d 671; Donoho v Atlantic Basin Iron Works, 210 App Div 535, 536). It comports as well with the structure of the workers’ compensation statute, which provides separately for disability benefits (Workers’ Compensation Law § 15) and death benefits (Workers’ Compensation Law §16).
*752 We therefore agree with the ALJ, the Board and the Appellate Division that section 123 — which focuses exclusively on the Board’s authority to reopen closed cases — is not applicable here. Thus, contrary to the argument of the Special Fund, the "eighteen- and eight”-year time limitation contained in that provision does not bar the new claim for death benefits. Of course, a claim for death benefits still must be filed within the two-year limitations period prescribed by Workers’ Compensation Law § 28.
The Time-Bar of Section 25-a (1)
The Special Fund next argues that section 25-a, governing its liability, incorporates the time limitations of section 123.
The primary purpose of section 25-a (1) is to transfer liability for awards from employers and carriers to the Special Fund where, as here, death resulting from the injury occurred more than seven years from the date of the injury and more than three years after the last payment of compensation (Workers’ Compensation Law § 25-a [1] [3]; see also, Minkowitz, Practice Commentaries, McKinney’s Cons Laws of NY, Book 64, Workers’ Compensation Law § 25-a, at 358). The Special Fund has conceded its liability under this section, if the award is not time-barred (see also, Matter of Riccardi v Dellwood Dairy Co., 38 AD2d 666, 666-667).
Section 25-a (1) (3) specifies that it is subject to the provisions of section 123, which the Special Fund argues makes the "eighteen- and eight”-year limitation applicable to this case. Incorporation of section 123 into section 25-a, however, does not alter the scope of section 123, which applies only to reopened cases, not new claims for death benefits. The claimant here had not previously filed a claim for death benefits and therefore her claim is new, falling outside section 123 even as incorporated into section 25-a.
As section 123’s "eighteen- and eight”-year time limitation does not apply to the claim, the mere transfer of liability for the death benefit award to the Special Fund cannot create a bar to an otherwise valid claim.
The Time-Bar of Section 25-a (6)
Finally, the Special Fund argues that the claim is barred by the time limitation contained in section 25-a (6), which reads identically to the "eighteen- and eight”-year time limitation in *753 123. Just as section 123 restricts the Board’s jurisdiction to reopen cases, section 25-a (6) restricts the Board’s authority to award claims against the Special Fund or employers after the time period has elapsed (Minkowitz, Practice Commentaries, McKinney’s Cons Laws of NY, Book 64, Workers’ Compensation Law § 25-a, at 359). The Special Fund asserts that the accrual date for this Statute of Limitations is the date of injury, not the date of death, thereby extinguishing the claim for death benefits in 1969, 17 years before the death.
Once again, however, the status of the claim for death benefits determines the dilemma. As the claim for death benefits is a new legal right, the accrual date necessarily must be the date of the death giving rise to claim. Clearly, the cause of action for death benefits could not accrue prior to the death and surely could not expire before the death.
Applying these principles to the facts before us, the claim for death benefits — a new claim legally separate and distinct from the closed disability claim — does not constitute the reopening of a closed case. Therefore, section 123 and its time bar are not applicable, either independently or as incorporated into section 25-a. The date of death begins the running of the limitations period of section 25-a (6). To be entitled to benefits, the claimant had only to prove that the death was causally related to the injury, which she did; that determination is uncontested. The claimant having brought the claim for death benefits within two years of the date of death, the claim was timely filed.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
Order affirmed, with costs.