*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 26, 2015                    518943
_____

In the Matter of the Claim of
    JOHN DUDEK JR.,
                    Appellant,

        v
                                        MEMORANDUM AND ORDER

VICTORY MARKETS et al.,
                    Respondents.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____


Calendar Date:   February 9, 2015

Before:  Lahtinen, J.P., McCarthy, Egan Jr. and Clark, JJ.

                    _____


        Peter W. Hill, Oneonta, for appellant.

        Gitto & Niefer, Binghamton (Jason Carlton of counsel), for
Victory Markets and another, respondents.

        Steven M. Licht, Special Funds Conservation Committee,
Albany (Jill B. Singer of counsel), for Special Fund for Reopened
Cases, respondent.

                    _____


Egan Jr., J.

        Appeal from a decision of the Workers' Compensation Board,
filed August 6, 2013, which ruled, among other things, that
claimant's claim could not be reopened pursuant to Workers'
Compensation Law § 123.

        In February 1986, claimant sustained a work-related injury
to his right knee.  Claimant underwent knee surgery a few months

later and, despite the fact that an award of workers' compensation benefits had not been made, the workers' compensation carrier for his employer paid him compensation from August 1986 to October 1986. Claimant was cleared to return to work on October 13, 1986, and no further compensation was paid. Claimant reinjured his knee in 2001 and successfully applied for workers' compensation benefits, although his physicians did not draw any link between his knee condition and the 1986 injury. Claimant was advised that he would need a knee replacement, however, and he underwent that surgery in 2011. An independent medical examination found that the knee replacement surgery was 60% attributable to the 1986 injury and 40% attributable to the 2001 injury. The employer and its carrier (hereinafter collectively referred to as the employer) responded by arguing that liability for the 1986 claim should be shifted to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a and that Workers' Compensation Law § 123 barred any further payment of benefits. A Workers' Compensation Law Judge conducted a hearing on the matter and agreed with the employer on both counts. The Workers' Compensation Board affirmed, and claimant now appeals.

We affirm. "Pursuant to Workers' Compensation Law § 25–a, the transfer of liability for a claim is appropriate when an application to reopen a closed case is made more than seven years from the date of injury and more than three years after the last payment of compensation" (Matter of Thurston v Consolidated Edison Co. of N.Y., Inc., 115 AD3d 1143, 1144 [2014] [internal quotation marks and citations omitted]; see Matter of Khomitch v Crotched Mtn. Community, 120 AD3d 1459, 1461 [2014]). While "[p]ayments that are made voluntarily, and in recognition of the employer's liability, are considered advance compensation and will prevent the transfer of liability to the Special Fund," no such payments have been made here since claimant was cleared to return to work in October 1986 (Matter of Thurston v Consolidated Edison Co. of N.Y., Inc., 115 AD3d at 1144). Claimant points out that, around the time that he returned to work in 1986, a physician advised him to "follow up" in some manner to ensure that he would receive benefits if his knee became symptomatic. There is no indication that claimant did so or that any further Board proceedings were contemplated, however, and the physician's

vague instruction cannot be read as "display[ing] a clear intention . . . to reopen the case" (Matter of Gregorec v Brenners Furniture Co., Inc., 68 AD3d 1301, 1303 [2009]; see Matter of Mucci v New York State Dept. of Corr., 98 AD3d 1223, 1224 [2012]; Matter of Early v New York Tel. Co., 57 AD3d 1341, 1343 [2008]).  Therefore, substantial evidence supports the finding of the Board that the case had been truly closed in 1986 and that a shift in liability to the Special Fund was appropriate (see Matter of Mucci v New York State Dept. of Corrections, 98 AD3d at 1224; Matter of Early v New York Tel. Co., 57 AD3d at 1343).

As a final matter, Workers' Compensation Law § 123 bars the reopening of a case and award of benefits against the Special Fund "after a lapse of eighteen years from the date of the injury or death and also a lapse of eight years from the date of the last payment of compensation" (see Matter of Zechmann v Canisteo Vol. Fire Dept., 85 NY2d 747, 751 [1995]).  "The question of whether or not claimant's case is truly closed also determines the applicability of Workers' Compensation Law § 123, as that statute's time limits apply only to truly closed cases" (Matter of Carubia v Colt Indus. [Crucible Steel], 12 AD3d 827, 828 n [2004] [citation omitted]).  Thus, because claimant's case was truly closed in 1986 and no effort was made to reopen it until 2011, substantial evidence supports the Board's decision that the provisions of Workers' Compensation Law § 123 apply.  Claimant's remaining contentions have been examined and found to be unpersuasive.

Lahtinen, J.P., McCarthy and Clark, JJ., concur.

ORDERED that the decision is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court