Matter of Herberger v Thomas Johnson, Inc. (2019 NY Slip Op 04239)





Matter of Herberger v Thomas Johnson, Inc.


2019 NY Slip Op 04239


Decided on May 30, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 30, 2019

526309

[*1]In the Matter of the Claim of MICHAEL J. HERBERGER, Claimant,
v
THOMAS JOHNSON, INC., Respondent, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: May 1, 2019

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Rumsey, JJ.


Steven M. Licht, Special Funds Conservation Committee, New York City (Jill B. Singer of counsel), for appellant.
Letitia James, Attorney General, New York City (Steven Segall of counsel), for Workers' Compensation Board, respondent.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from a decision of the Workers' Compensation Board, filed August 29, 2017, which ruled that Workers' Compensation Law § 123 does not bar further proceedings regarding the claim.
In 1991, claimant, a bricklayer, injured his back and, in 1997, was found to have a permanent partial disability. Claimant also had a prior established claim for an injury to his back in 1990. In 1995, upon the application by the employer's workers' compensation carrier, the Workers' Compensation Board issued a decision directing that the 1990 claim remain open and for the record in both cases to be completed by additional testimony on the issue of apportionment, and the cases were restored to the trial calendar. Awards were made on the 1991 claim for actual reduced earnings up until January 1, 1997, subject to apportionment pursuant to Workers' Compensation Law § 25 (1) (f); there was no compensable lost time or reduced earnings thereafter. In 1998, the 1991 claim was held subject to Special Disability Fund reimbursement under Workers' Compensation Law § 15 (8) (d) and, by decision in March 1999, the claim was marked as "no further action." Then, in 2000, with regard to the 1991 claim, medical treatment was authorized, the carrier was discharged and liability was shifted to the Special Fund for Reopened Cases (see Workers' Compensation Law § 25-a), and the case was again marked for "no further action." In 2016, claimant requested a hearing on further [*2]compensation in the 1991 claim after surgery was authorized by the Special Fund, for which lost time was anticipated. Following a hearing, the Board determined that the compensation awards had been made subject to Workers' Compensation Law § 25 (1) (f), pending a determination on the apportionment issue and that, as the apportionment issue remains pending, the case is not truly closed and Workers' Compensation Law § 123 does not preclude claimant's request. The Special Fund appeals.
We affirm. Although "the reopening of a case and award of benefits against the Special Fund [is barred] 'after a lapse of [18] years from the date of the injury or death and also a lapse of eight years from the date of the last payment of compensation'" (Matter of Dudek v Victory Mkts., 126 AD3d 1274, 1276 [2015], quoting Workers' Compensation Law § 123), this "time limitation applies only to cases which have been closed and are being reopened, but would not bar a new claim or continuing consideration of an open case" (Matter of Zechmann v Canisteo Volunteer Fire Dept., 85 NY2d 747, 751 [1995]; accord Matter of Holsopple v United Parcel Serv., 167 AD3d 1220, 1221 [2018]). "Whether a case has been truly closed is a question of fact for the Board and depends upon whether further proceedings are contemplated at the time of the closing" (Matter of Holsopple v United Parcel Serv., 167 AD3d at 1221 [internal quotation marks and citation omitted]), and "not whether they were actually planned" (Matter of Riley v P & V Sadowski Constr., 104 AD3d 1039, 1040 [2013]).
The Board ordered in 1995 that the record be developed on the issue of apportionment and, although further proceedings on apportionment were not held, they were contemplated (see Matter of Holsopple v United Parcel Serv., 167 AD3d at 1221; Matter of Riley v P & V Sadowski Constr., 104 AD3d at 1040). As the Board recognized, the issue of apportionment remains outstanding and, as a result, the case is not truly closed. Although liability was shifted to the Special Fund in 2000, the issues of apportionment, i.e., reimbursement between carriers for compensation and awards paid prior thereto (see Workers' Compensation Law § 25 [1] [f]), and true closure were never litigated or resolved. Accordingly, the Board's decision that the provisions of Workers' Compensation Law § 123 are not applicable is supported by substantial evidence (see Matter of Holsopple v United Parcel Serv., 167 AD3d at 1221).
Egan Jr., J.P., Devine, Aarons and Rumsey, JJ., concur.
ORDERED that the decision is affirmed, without costs.