Matter of King v City of N.Y. Parks & Recreation (2021 NY Slip Op 00597)





Matter of King v City of N.Y. Parks & Recreation


2021 NY Slip Op 00597


Decided on February 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 4, 2021

529004

[*1]In the Matter of the Claim of Dennis King, Appellant,
v
City of New York Parks and Recreation, Respondent. Workers' Compensation Board, Respondent.

Calendar Date: January 12, 2021

Before: Garry, P.J., Egan Jr., Lynch, Aarons and Pritzker, JJ.


David Sanua, New York City, for appellant.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for Workers' Compensation Board, respondent.



Pritzker, J.
Appeal from a decision of the Workers' Compensation Board, filed September 18, 2018, which ruled, among other things, that the Workers' Compensation Law Judge lacked authority to reverse his prior decision.
Claimant, a seasonal playground associate, has an established claim for injury to his right knee that occurred in May 1996, for which he received awards until June 1997. Knee surgery was authorized in 1998 and the issue of that procedure was thereafter raised but, after claimant failed to appear at a hearing in 2000 and never produced medical evidence as directed in 2002, the case was marked no further action. In 2017, knee surgery was again authorized and occurred on September 8, 2017, and claimant then requested post-surgery awards. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) issued a December 13, 2017 decision authorizing medical treatment and care but found that there had been a true closing of claimant's case and, thus, Workers' Compensation Law § 123 applied to preclude further awards. Claimant's application for review was denied by the Workers' Compensation Board in a decision filed April 16, 2018, based upon the finding that the form RB-89 was incomplete. The Board expressly stated that the WCLJ's decision filed December 13, 2017 "REMAINS IN EFFECT" and the case was marked for no further action. Claimant did not apply for full Board review or appeal to this Court.
In 2018, the case was reopened to address the employer's denial of a variance request. At a hearing on May 4, 2018, the WCLJ rescinded his decision filed December 13, 2017 and instead found that there was an open issue regarding surgery and, thus, there had not been a true closing. The WCLJ then issued a decision filed May 11, 2018 formally rescinding that prior decision and ordered that a post-surgery award be made at a temporary total disability rate, awarded claimant's attorney counsel fees and found the variance request to be moot. Upon review, the Board found that the WCLJ lacked authority to rescind his prior decision and reconsider the issue of the applicability of the time-bar in Workers' Compensation Law § 123. As such, the Board modified the WCLJ's decision by rescinding the WCLJ's May 11, 2018 findings and awards, while agreeing that the variance request was moot. Claimant appeals.
We affirm. The Board correctly determined that the WCLJ lacked authority to rescind his prior decision. Following the WCLJ's issuance of its December 13, 2017 decision finding that the case had been truly closed, precluding any further award under Workers' Compensation Law § 123 (see Matter of Zechmann v Canisteo Volunteer Fire Dept., 85 NY2d 747, 751 [1995]), the Board denied review but unambiguously held that the WCLJ's decision remained in effect. By statute, the decision of the WCLJ "shall be deemed the decision of the [B]oard . . . unless the [B]oard . . . modif[ies] or rescind[s] such decision" (Workers' Compensation Law § 150 [b]). [*2]In denying review, the decision of the WCLJ became the decision of the Board. Moreover, "[a]n award or decision of the [B]oard shall be final and conclusive upon all questions . . . unless reversed or modified on appeal" (Workers' Compensation Law § 23). Claimant did not pursue available administrative or judicial appellate remedies by either applying for full Board review or appealing to this Court (see Workers' Compensation Law §§ 23, 142 [2]; 12 NYCRR 300.13), remedies which could have been pursued simultaneously (see Matter of Lehsten v NACM-Upstate N.Y., 93 NY2d 368, 373 [1999]). Thus, the Board's decision was final on the issue of true closure.
Moreover, it is the Board that has continuing jurisdiction over each case, permitting it to modify or change an award or decision "as in its opinion may be just," subject to time limitations for closed cases (Workers' Compensation Law § 123; see Workers' Compensation Law § 22; Matter of Zechmann v Canisteo Volunteer Fire Dept., 85 NY2d at 751; Matter of Hale v Rochester Tel. Corp., 182 AD3d 961, 963 [2020]; Matter of Enoch v New York State Dept. of Corr. & Community Supervision, 179 AD3d 1430, 1433 [2020]; Matter of Garratt-Chant v Gentiva Health Servs., 179 AD3d 1421, 1424 [2020]; Matter of Chen v Five Star Travel of NY Inc., 150 AD3d 1505, 1506-1507 [2017]). However, the WCLJ has no corresponding authority.
Contrary to claimant's contention, the WCLJ's May 11, 2018 decision rescinding — improperly — his prior decision did not "obviate the need" for it to appeal from the Board's April 16, 2018 decision denying review. Likewise, the fact that the WCLJ issued a decision reversing himself and finding no true closure within 30 days of the Board's April 16, 2018 decision denying review did not alter claimant's need to appeal from that final Board decision on total closure. The 30-day provisions in Workers' Compensation Law § 23 govern the time within which an appeal may be taken to the Board from the WCLJ decision, or an appeal to this Court from a Board decision, and in no way authorize the WCLJ to reverse his prior decision. As noted, claimant's remedy was to challenge the Board's April 16, 2018 denial of review by seeking full Board review or appeal to this Court, or both; he did neither. As the WCLJ was not authorized to revisit and rescind his prior decision, the Board correctly rescinded the WCLJ's findings and awards in its May 11, 2018 decision. Claimant's remaining contentions have been examined and found be without merit.
Garry, P.J., Egan Jr., Lynch and Aarons, JJ., concur.
ORDERED that the decision is affirmed, without costs.