Matter of Lucks v Volt Info. SCI (2022 NY Slip Op 03154)





Matter of Lucks v Volt Info. SCI


2022 NY Slip Op 03154


Decided on May 12, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 12, 2022

528032
[*1]In the Matter of the Claim of Ira Jason Lucks, as Executor of the Estate of Julius Lucks, Deceased, Claimant,
v
Volt Information SCI et al., Appellants, and Special Fund for Reopened Cases, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:March 22, 2022

Before:Lynch, J.P., Clark, Reynolds Fitzgerald, Colangelo and McShan, JJ.

Cherry, Edson & Kelly, LLP, Melville (David W. Faber of counsel), for appellants.
Habberfield Kaszycki, LLP, Buffalo (Eugene W. Lane of counsel), for Special Fund for Reopened Cases, respondent.



Colangelo, J.
Appeal from a decision of the Workers' Compensation Board, filed May 7, 2018, which ruled, among other things, that Continental Casualty Company was the proper workers' compensation carrier for claimant's claim for workers' compensation death benefits.
In 1980, Julius Lucks (hereinafter decedent) suffered a work-related myocardial infarction and was classified as permanently partially disabled. Although liability for the claim initially was assessed against Continental Casualty Company (hereinafter CNA) as the employer's workers' compensation carrier, liability was transferred to the Special Fund for Reopened Cases in 1998 (see Workers' Compensation Law § 25-a [1]), at which time CNA was discharged and removed from notice. The Special Fund continued to make the required payments until decedent's death in June 2013.
Claimant, in his capacity as the executor of decedent's estate, filed a claim for consequential death benefits in September 2013. Although claimant's application identified the Special Fund as the relevant carrier, the death benefit claim was indexed against New Hampshire Insurance Company — the employer's then workers' compensation carrier. Questions regarding coverage persisted and, in August 2015, a Workers' Compensation Law Judge (hereinafter WCLJ) ruled that Workers' Compensation Law § 25-a did not apply due to New Hampshire's apparent failure to raise such issue prior to January 1, 2014, i.e., the date upon which the Special Fund was closed to new applications for relief (see Workers' Compensation Law § 25-a [1-a]). Following a hearing in December 2017, the WCLJ ruled, among other things, that New Hampshire was the proper carrier for the death benefit claim and discharged both CNA, which had been put on notice in June 2017, and the Special Fund, which previously had been penalized for its failure to appear. Upon administrative review, the Workers' Compensation Board modified the WCLJ's decision by ruling, as relevant here, that CNA was the proper carrier for the death benefit claim. Although the Board deemed CNA, as opposed to New Hampshire, to be the relevant carrier, its rationale mirrored that previously adopted by the WCLJ — namely, the relevant carrier's failure to raise the applicability of Workers' Compensation Law § 25-a prior to January 1, 2014. This appeal by the employer and CNA (hereinafter collectively referred to as the carrier) ensued.
Workers' Compensation Law § 25-a (1-a) provides, in relevant part, that "[n]o application by a self-insured employer or an insurance carrier for transfer of liability of a claim to the [Special Fund] shall be accepted by the [B]oard on or after [January 1, 2014] except that the [B]oard may make a finding after such date pursuant to [Workers' Compensation Law § 23] upon a timely application for review." The Court of Appeals has made clear that "'a claim for death benefits is a separate and distinct legal proceeding brought by the beneficiary's dependents and is not equated [*2]with the beneficiary's original disability claim'" (Matter of Verneau v Consolidated Edison Co. of N.Y., Inc., 37 NY3d 387, 396 [2021] [ellipsis omitted], quoting Matter of Zechmann v Canisteo Volunteer Fire Dept., 85 NY2d 747, 753 [1995]). A death benefit claim, in turn, accrues upon "the date of the death giving rise to [the] claim" (Matter of Zechmann v Canisteo Volunteer Fire Dept., 85 NY2d at 753), and Workers' Compensation Law § 25-a (1-a) "prohibits the transfer of liability for any claim that has accrued on or after the cutoff date" set forth in the statute (Matter of Verneau v Consolidated Edison Co. of N.Y., Inc., 37 NY3d at 395-396).
As decedent died in June 2013 and claimant filed the claim for death benefits in September 2013, there is no dispute that such claim accrued and was filed well in advance of the January 1, 2014 cutoff date, and it is equally clear that claimant identified the Special Fund as the relevant carrier in connection therewith. However, and for reasons not apparent from the record, the claim for death benefits was indexed against New Hampshire, which apparently was the employer's workers' compensation carrier at the time of decedent's death. The record is not fully developed on this point, but it appears that the applicability of Workers' Compensation Law § 25-a was first raised at some point in early 2015, and, by amended decision filed August 3, 2015, the WCLJ ruled — without elaboration — that the statute did not apply. Although New Hampshire filed an application for Board review, it seemingly did not challenge the applicability of Workers' Compensation Law § 25-a until January 2018. Between October 2015 and January 2018, the Special Fund was variously placed on notice and discharged from notice of the administrative proceedings and decisions, and it appears that CNA — the employer's workers' compensation carrier at the time of decedent's initial disability claim — first began receiving such notices in June 2017.
Despite the fact that the claim for death benefits accrued and was filed prior to January 1, 2014, the Board took the position that, because the issue of Workers' Compensation Law § 25-a was not raised — relative to such claim — until after that date, the Special Fund was not liable. Although the Court of Appeals has held that Workers' Compensation Law § 25-a (1-a) "prohibits the transfer of liability for any claim that has accrued on or after the cutoff date" (Matter of Verneau v Consolidated Edison Co. of N.Y., Inc., 37 NY3d at 395-396 [emphasis added]), the statute itself provides that "[n]o application . . . for transfer of liability of a claim to the [Special Fund] shall be accepted by the [B]oard on or after [January 1, 2014]" (Workers' Compensation Law § 25-a [1-a] [emphasis added]). Such "an application will be deemed to have been made when any party raises liability under [the statute] at a hearing" (Matter of Verneau v Consolidated Edison Co. of N.Y., Inc., 37 NY3d at 399 [internal [*3]quotation marks, brackets and citation omitted]). Thus, although the provisions of Workers' Compensation Law § 25-a plainly will not be triggered unless the claim for death benefits accrued prior to January 1, 2014 (see Matter of Verneau v Consolidated Edison Co. of N.Y., Inc., 37 NY3d at 395-396), the statute — by its express terms — requires that the application for the transfer of liability of such claim be made prior to that date as well (see Workers' Compensation Law § 25-a [1-a]). As the applicability of Workers' Compensation Law § 25-a was not raised — in the context of the death benefit claim — until some point in early 2015, we cannot say that the Board erred in concluding that Workers' Compensation Law § 25-a relief was unavailable. Accordingly, the Board's decision is affirmed. To the extent that the carrier relies upon this Court's prior decision in Matter of Misquitta v Getty Petroleum (150 AD3d 1363 [2017]), such reliance is misplaced in light of the Court of Appeals' more recent pronouncement in Verneau. The carrier's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Lynch, J.P., Clark, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.