Matter of Kelly v Consolidated Edison Co. of N.Y. (2022 NY Slip Op 03416)





Matter of Kelly v Consolidated Edison Co. of N.Y.


2022 NY Slip Op 03416


Decided on May 26, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 26, 2022

528566
[*1]In the Matter of the Claim of Christine Kelly, Claimant,
v
Consolidated Edison Company of New York et al., Appellants, and Special Fund for Reopened Cases, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:April 28, 2022

Before:Egan Jr., J.P., Clark, Reynolds Fitzgerald, Fisher and McShan, JJ.

Cherry, Edson & Kelly, LLP, Melville (David W. Faber of counsel), for appellants.
Habberfield Kaszycki LLP, Buffalo (Eugene W. Lane of counsel), for Special Fund for Reopened Cases, respondent.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for Workers' Compensation Board, respondent.



McShan, J.
Appeal from a decision of the Workers' Compensation Board, filed August 28, 2018, which ruled, among other things, that liability did not shift to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a.
Claimant's husband (hereinafter decedent) had an established claim for a work-related occupational disease for asbestos-related pleural disease and asbestosis, with a date of disablement of September 28, 2000. In December 2011, liability for the claim was transferred from the employer to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a. After decedent died on December 29, 2016, claimant filed a claim for death benefits with the Workers' Compensation Board alleging that decedent's death was causally-related to his occupational disease. The employer and its third-party administrator (hereinafter collectively referred to as the employer) argued that the Special Fund is liable for the death benefits claim because liability for the lifetime claim had been transferred to it. A Workers' Compensation Law Judge (hereinafter WCLJ) held, following a hearing, that decedent's death was causally-related, and directed the employer to reimburse claimant for the funeral expenses. The WCLJ further found that the Special Fund was not liable for the death benefits claim filed in 2016, which was a new claim, because the Special Fund was closed to new applications effective January 1, 2014. As relevant here, the Board affirmed the WCLJ's finding that the death benefits claim was a new claim filed upon decedent's death in 2016, which could not be transferred to the Special Fund given that it had been closed to new applications effective January 1, 2014. The employer appeals.
We affirm. The employer argues that the Special Fund is liable for the claim because liability for the underlying disability claim was transferred to the Special Fund prior to the cut-off date for transfer in Workers' Compensation Law § 25-a (1-a). However, in a decision handed down after the Board's decision and after the employer submitted its brief to this Court, the Court of Appeals answered the precise question presented by this appeal regarding the transfer of death benefits claims under Workers' Compensation Law § 25-a (1-a). In Matter of Verneau v Consolidated Edison Co. of N.Y., Inc. (37 NY3d 387 [2021]), the Court ruled that Workers' Compensation Law § 25-a (1-a) forecloses the transfer of liability for a death benefits claim submitted on or after the statutory cut-off date of January 1, 2014, regardless of the prior transfer of liability for a worker's disability claim arising out of the same injury (see id. at 392-394). The Court reasoned that "a death benefits claim accrues at the time of death and 'is a separate and distinct legal proceeding' from the worker's original disability claim" (id. at 392, quoting Matter of Zechmann v Canisteo Volunteer Fire Dept., 85 NY2d 747, 751 [1995]). Under that dispositive ruling[*2], Workers' Compensation Law § 25-a (1-a) forecloses transfer of liability for a death benefits claim submitted after January 1, 2014, even where, as here, liability for the worker's original disability benefits claim had been transferred prior to the statutory filing deadline. Accordingly, transfer of claimant's death benefits claim — submitted in 2016 long after the January 1, 2014 cut off — to the Special Fund is precluded by Workers' Compensation Law § 25-a (1-a).
Egan Jr., J.P., Clark, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the decision is affirmed, without costs.