Matter of Hopeck v Al Tech Specialty Steel Corp. (2022 NY Slip Op 03425)





Matter of Hopeck v Al Tech Specialty Steel Corp.


2022 NY Slip Op 03425


Decided on May 26, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 26, 2022

533459
[*1]In the Matter of the Claim of Edward Hopeck, Appellant,
v
Al Tech Specialty Steel Corp., Care of Laverack & Haines, et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date:April 28, 2022

Before:Egan Jr., J.P., Clark, Reynolds Fitzgerald, Fisher and McShan, JJ.

Buckley, Mendleson, Criscione & Quinn, PC, Albany (Richard J. Frontero III of counsel), for appellant.
Walsh & Hacker, Albany (Glenn D. Chase of counsel), for Al Tech Specialty Steel Corp. and another, respondents.



Reynolds Fitzgerald, J.
Appeal from a decision of the Workers' Compensation Board, filed December 7, 2020, which ruled that the reopening of the claim was barred by Workers' Compensation Law § 123.
Claimant established a claim for an injury to his left knee following a 1984 accident and received a 15% schedule loss of use award. In 2000, claimant requested reopening of the matter and, following a hearing and transfer of the matter to the Special Fund for Reopened Cases, claimant's schedule loss of use award was increased to 20%. In 2002, claimant filed a separate, controverted claim for a new accident or occupational injury involving his left knee, which traveled with the instant claim.
In January 2006, claimant underwent knee replacement surgery and, in a decision filed February 17, 2006, a Workers' Compensation Law Judge (hereinafter WCLJ) made awards to claimant at a temporary total disability rate for the period January 4, 2006 to February 4, 2006 without prejudice to apportionment, held in abeyance awards for the period February 4, 2006 to February 13, 2006 and continued the case. Following subsequent hearings to address the issue of the new injury claim and apportionment, the WCLJ, in decisions filed June 9, 2006, canceled the new injury claim due to lack of medical evidence demonstrating a new accident or injury and combined it with the instant claim,[FN1] and marked the instant claim as no further action pending new medical evidence of permanency following the January 2006 knee replacement surgery. Awards for the nine-day period held in abeyance were not addressed.
Other than hearings to resolve disputes of 2017 and 2018 treatment and/or medical bills, claimant took no further action with respect to any further awards — including the nine-day period held in abeyance — until 2020 when he filed a request for further action seeking awards as a result of two additional knee surgeries in 2017 and 2019. In a decision filed September 24, 2020, the WCLJ found that the criteria of Workers' Compensation Law § 123 had been met, barring any further awards. Upon administrative appeal, the Workers' Compensation Board, in a decision filed December 7, 2020, affirmed. Claimant appeals.
The Board's authority to reopen closed cases is subject to the time limitations set forth in Workers' Compensation Law § 123, which provides that awards are prohibited from being made "after a lapse of eighteen years from the date of the injury or death and also a lapse of eight years from the date of the last payment of compensation" (see Matter of Zechmann v Canisteo Volunteer Fire Dept., 85 NY2d 747, 751 [1995]; Matter of Herberger v Thomas Johnson, Inc., 172 AD3d 1830, 1831 [2019]). "This 'eighteen- and eight'-year time limitation applies only to cases which have been closed and are being reopened, but would not bar a new claim or continuing consideration of an open case" (Matter of Zechmann v Canisteo Volunteer Fire Dept., 85 NY2d at 751 [citation omitted]). "Whether a case has been [*2]truly closed is a question of fact for the Board and depends upon whether further proceedings are contemplated at the time of the closing" (Matter of Holsopple v United Parcel Serv., 167 AD3d 1220, 1221 [2018] [internal quotation marks and citations omitted]; see Matter of Zimniak v Consolidated Edison, 168 AD3d 1321, 1322 [2019]; Matter of Riley v P & V Sadowski Constr., 104 AD3d 1039, 1039 [2013]).
In determining that Workers' Compensation Law § 123 was applicable, the Board recognized that the February 17, 2006 decision held a nine-day period of awards in abeyance, but noted that the issue of such awards was not raised in two subsequent hearings that took place in April and June 2006. Moreover, claimant made no effort to pursue awards for over a decade, despite other issues being controverted during that time. Under these circumstances, claimant's complete inaction in pursing awards held in abeyance for over a decade — and for which, we note, claimant offers no explanation — "leads to the inescapable conclusion that claimant abandoned any idea of proceeding further" (Matter of McCulla v Alco Prods., 5 AD2d 898, 900 [1958]). To the extent that claimant relies, for the first time on appeal, on the language used in the June 19, 2006 decision — which states that the matter was "[p]ending new evidence of permanency after [January 2006] surgery" — to support his contention that the matter was not truly closed, we note that claimant did not raise this issue before the Board and, therefore, it is not properly before us (see Matter of Muller v Square Deal Machining, Inc., 183 AD3d 992, 993 [2020], appeal dismissed 35 NY3d 1100 [2020], lv denied 36 NY3d 909 [2021]). In any event, were it properly before us, we would find his contention to be without merit given that, during the 14 years since that decision, claimant did not allege any change in circumstances as a result of that January 2006 surgery and, in fact, had two additional surgeries in 2017 and 2019 (compare Matter of Riley v P & V Sadowski Constr., 104 AD3d at 1040). Under the circumstances, we find no basis to disturb the Board's finding that Workers' Compensation Law § 123 is applicable and bars further awards.
Egan Jr., J.P., Clark, Fisher and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Upon administrative appeal, the Workers' Compensation Board affirmed the decision closing the claim for a new injury and combining it with the instant claim.