Matter of O'Donnell v Catapano (2022 NY Slip Op 06525)

Matter of O'Donnell v Catapano

2022 NY Slip Op 06525

Decided on November 17, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 17, 2022

534169
[*1]In the Matter of the Claim of James O'Donnell, Appellant,
v
Grow Kiewi T. Catapano et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:October 11, 2022

Before:Garry, P.J., Clark, Aarons, Pritzker and Fisher, JJ.

Pashman Stein Walder Hayden, Purchase (Marc M. Yenicag of counsel), for appellant.
James Fiedler, Acting General Attorney, State Insurance Fund, Albany (Rudolph Rosa Di Sant of counsel), for Grow Kiewi T. Catapano and another, respondents.

Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed March 15, 2021, which ruled that the reopening of the claim was barred by Workers' Compensation Law § 123.
By decision filed August 24, 1999, claimant established a claim for Caisson disease resulting from his exposure to compressed air in connection with his employment as a construction worker. Per that decision, claimant's date of disablement was determined to be "July 23, 1999 which is the date of the first medical evidence for the condition." Claimant was found to have a 7.5% schedule loss of use (hereinafter SLU) of each arm and a 10% SLU of each leg, and he was awarded 104.4 weeks of benefits beginning July 23, 1998, with the last payment being made on August 1, 2000.
No further action was taken until submission of a Doctor's Initial Report in January 2017, noting claimant's increased impairment, which was followed by a Doctor's Report of MMI/Permanent Impairment form in March 2017, noting an increased SLU of each of claimant's extremities. In May 2017, claimant submitted a Request for Further Action to reopen the case and requested additional awards based upon an increase in the SLU of his extremities due to the progression of his Caisson disease. The employer's workers' compensation carrier opposed the reopening, asserting, among other things, that the application for further awards was untimely pursuant to Workers' Compensation Law § 123. Following a hearing, a Workers' Compensation Law Judge ruled, among other things, that Workers' Compensation Law § 123 applied. Upon administrative appeal, claimant asserted that Workers' Compensation Law § 123 did not apply given that the July 23, 1999 date of disablement set forth in the August 24, 1999 decision rendered his application to reopen timely. The Workers' Compensation Board, in a decision filed March 15, 2021, found, among other things, that the August 24, 1999 decision setting the date of disablement as July 23, 1999, rather than July 23, 1998, was an inadvertent error, and affirmed the Workers' Compensation Law Judge's decision that the application to reopen was untimely. Claimant appeals.
We affirm. Workers' Compensation Law § 123 vests the Board with continuing jurisdiction to reopen closed cases, except where the application to reopen "is made after a lapse of [18] years from the date of the injury or death and also a lapse of eight years from the date of the last payment of compensation" (see Matter of Zechmann v Canisteo Volunteer Fire Dept., 85 NY2d 747, 751 [1995]; Matter of Hopeck v Al Tech Specialty Steel Corp., 205 AD3d 1284, 1285 [3d Dept 2022]). The August 24, 1999 decision states that the date of disablement is July 23, 1999, as opposed to 1998. That decision, however, qualifies the date of disablement by further stating that it is also "the date of the first medical evidence for the condition." The record establishes that the first medical evidence of claimant's Caisson disease was the July 23, 1998 medical [*2]report of claimant's physician. The only other medical evaluation submitted prior to claimant's 2017 application to reopen was the May 28, 1999 medical evaluation by the carrier's physician, who specifically referenced and agreed with the July 23, 1998 medical report. Further, the August 24, 1999 decision clearly reflects that payment of claimant's SLU awards commenced on July 23, 1998, which would not have been possible if, as claimant asserts, the date of disablement occurred a year later. A review of the August 24, 1999 decision in its entirety establishes that the date of disablement was July 23, 1998. Under these circumstances, we find no abuse of discretion in the Board's determinations that the reference to 1999 as the year of disablement was an inadvertent error and, accordingly, that the application to reopen was untimely. To the extent that claimant's remaining contentions are not specifically addressed, including that claimant was prejudiced under these circumstances by the inadvertent error, we find them to be without merit.
Clark, Aarons, Pritzker and Fisher, JJ., concur.
ORDERED that the decision is affirmed, without costs.